STATE of Missouri, Respondent,

v.

**Melvin J. WEBBS, a/k/a Melvin Sax, Appellant.**

**No. 62751.**

Supreme Court of Missouri, Division No. 2.

Dec. 14, 1981.

Motion for Rehearing or in the Alternative for Transfer to Court en banc Overruled Jan. 12, 1982.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

STOCKARD, Commissioner.

A jury found Melvin J. Webbs, also known as Melvin Sax, guilty of burglary in the second degree, a Class C felony, § 569.-170 RSMo. 1978, and assessed punishment at imprisonment for two years and six months. The court ordered the execution of the sentence suspended and the defendant placed on probation for five years.

There is no challenge to the sufficiency of the evidence. We need only state that a jury reasonably could find that on April 15, 1979, appellant broke into the apartment of the Rev. Mr. Artie Howard and his wife and took several items including an eight-track tape player and a Panasonic tape recorder.

Appellant's only point on this appeal is that the trial court committed plain error because it did not instruct "as to the range of punishment authorized by statute for burglary in the second degree in that [the court] did not instruct the jury that the statutes authorized a fine in an amount not exceeding five thousand dollars, an amount not exceeding double appellant's gain, or a combination of both a fine and a term of imprisonment." Appellant then argues that the jury was thereby prohibited from assessing and "declaring a fine, * * * or a fine and a term of imprisonment as the punishment."

Instruction No. 6 was in the form of MAI–CR2d 23.52, and by it the jury was instructed as to the range of punishment it could assess in the form of imprisonment. Nothing was said about a fine. Instruction No. 7 was in the form of MAI–CR2d 2.60, and by it the jury was instructed that the court could sentence the defendant to (a) a term of imprisonment not to exceed the term assessed by the jury; (b) the payment of a fine the amount to be determined by the court; or (c) both such imprisonment and the payment of a fine. Nothing was said about the limits of a fine.

The precise contention presented here by appellant was ruled in *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981). The opinion in that case was handed down simultaneously with the opinion in this case. We need not set forth here the reasoning and rationale of the *Van Horn* case. It is sufficient to adopt here by reference the ruling there made.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS and SEILER, JJ. concur.