**STATE of Missouri, Respondent,**

v.

**Doris Jean DOWNING, Appellant.**

No. 43628.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Rehearing Denied Feb. 19, 1982.

Application to Transfer Denied
April 13, 1982.

William R. Dorsey, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

CRIST, Judge.

Defendant appeals from a jury verdict which convicted her of attempted stealing of over $150 by deceit, a class D felony, in violation of §§ 570.030 and 564.011, RSMo. 1978. Defendant was sentenced to two years in the Division of Corrections. We affirm.

Evidence adduced by the state shows that on December 26, 1979, Mary Alice Schierman, a security officer at Stix, Baer and Fuller's River Roads store, observed defendant carrying a large red box which appeared to have no weight to it. Ms. Schierman then observed defendant walk to the junior department, where defendant picked up a pair of pink slacks and a purple dress. Defendant carried these back to a rack further back in the department, removed them from hangers, and folded them and placed them inside the box. Defendant then removed a tan blazer, vest and slack set from along the wall, carried them midway back into the department, and removed them from their hangers, folded them and put them inside the box. Defendant returned the hangers.

Ms. Schierman then observed the defendant carry the box over to the wrap desk, where defendant spoke with the sales clerk, Dorothy Genovese, who prepared two merchandise return authorizations for defendant. These merchandise return authorizations were given to defendant because the items were of a value over $25 and defendant did not present a receipt. The merchandise return authorizations could be exchanged at the cashier's office and a check would be sent to the holder of such authorizations by the store.

Defendant took the slips and the red box to the cashier's office and stood in line. At this point, Ms. Schierman and Thomas Kickham, a Jennings police officer who also worked for Stix, identified themselves, and requested the defendant to accompany them to the security office. Ms. Schierman took the two return authorization forms from defendant and seized the five garments which defendant had left at the junior department counter.

Defendant raises three points on appeal: (1) The trial court erred in admitting photocopies of the return authorizations; (2) the trial court erred in denying defendant's mo-

tion for acquittal at the close of all the evidence; and (3) the trial court erred in the submission of certain jury instructions. We shall deal with each point in order.

■ Defendant objected to the admission into evidence of the photocopies of the front pages of the authorizations on best evidence grounds. When the provisions or contents of a writing are in issue, we would agree that the best evidence rule does compel the production of the original writing itself unless and until the failure to produce the original is satisfactorily explained, *State v. Cameron*, 604 S.W.2d 653, 660 (Mo. App.1980). We also agree that the state did not satisfactorily explain why the originals were not produced. But, under the circumstances of this case, the admission of the authorization photocopies did not violate the best evidence rule. The exhibits show, among other things, a description of the item for which defendant sought credit along with the retail price of each item. In addition to the merchandise return authorization exhibit, the state also introduced the items listed in the merchandise return authorizations, which items also contained the price tags of the merchandise on which defendant was asking credit. In addition, the state was permitted to prove, with objection, that the total amount for which the defendant sought credit was the sum of $177.86, being the aggregate of the amount shown on the merchandise return authorizations. Accordingly, the facts contained in the merchandise return authorizations were in evidence by other means. For the reason that such facts existed independently of the writing of Exhibit 6, the best evidence rule was not applicable. *State v. Mack*, 576 S.W.2d 550, 552 (Mo.App.1979). We find against defendant on Point I.

■ Defendant's second point challenges the sufficiency of the evidence to convict her of attempting to steal by deceit over $150. Defendant, in her case, admitted she made the exchange and took the two forms with the purpose of obtaining a check or cash from Stix, Baer and Fuller. These admissions, in combination with the above recital of proof offered by the state as to the goods and their value, constitute a submissible case. *State v. Ryder*, 598 S.W.2d 526, 528 (Mo.App.1980); *State v. Eacret*, 456 S.W.2d 324, 327 (Mo.1970).

■ Lastly, defendant asserts error because the trial court did not instruct as to the range of punishment authorized by statute for attempted stealing of over $150 by deceit, a class D felony in that it did not instruct the jury regarding the imposition of a fine. The jury was instructed in accordance with MAI 2.60 and MAI 18.02. Defendant's contention has been laid to rest in *State v. Webbs*, 625 S.W.2d 879 (Mo. 1981); *see, State v. Van Horn*, 625 S.W.2d 874 (Mo.1981).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.