STATE of Missouri, Respondent,

v.

Percy GREEN, Appellant.

No. 43612.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 29, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 8, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Toby H. Hollander, St. Louis, for appellant.

George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Appeal from a jury conviction for two counts of third degree property damage, § 569.120, RSMo.1978. The trial court suspended execution of the jury's sentence of three months confinement on each count and sentenced defendant to two years probation. We affirm.

At approximately 1:00 a.m. on May 1, 1979, a St. Louis University Medical student and her boyfriend, while out for a walk, witnessed two men spray painting the side of a building located at the intersection of Vandeventer and Lindell in midtown St. Louis. Continuing their walk around the block, the couple neared the St. Louis University School of Law Library at the intersection of Spring and Lindell and observed one of the same men they saw earlier putting a stencil against the outside wall of the Library and spray painting over it. The student confronted the man and he claimed to have a permit.

Just prior to this confrontation, three St. Louis University Law School students saw two individuals taping stencils on the library wall and notified campus security guards. The security guards, after calling and receiving backup assistance from St. Louis City Police, apprehended defendant and two others standing near the freshly painted wall, seizing the stencil and spray paint can nearby. The students identified defendant as one of the individuals painting the wall.

Defendant asserts two points of error. First, he claims the statutory scheme setting forth the offense of property damage violates due process by placing the burden of injecting the issue of claim of right on

defendants. Secondly, he argues the failure to instruct the jury that it could assess a fine in lieu of or in addition to imprisonment violates due process because the jury was not instructed on the full range of possible punishment, § 557.036(2), RSMo. 1978.

A person commits the crime of property damage when he knowingly damages the property of another or damages his own property to defraud an insurance company. The crime is graded by degree based on the amount of damage done. Sections 569.100, 569.110 & 569.120, RSMo.1978. The crime is nullified if the person damages property of another under a claim of right and has reasonable grounds to believe he has such a right. Claim of right does not absolve the crime if committed to defraud an insurance company. Section 569.130(1), RSMo.1978. The burden of producing evidence on the issue of claim of right rests on the defendant. Sections 569.130(2), 556.051, RSMo.1978.

Defendant's first point misconstrues the statutory scheme allocating to defendants the burden of producing evidence on the issue of claim of right. It is well recognized that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368, 375 (1970). The property damage statute requires the state to prove beyond a reasonable doubt the damage to another's property, the defendant's mental state, ("knowingly," defined in § 562.016, RSMo.1978), and causation. It is plain the state intends to deal with the knowing damage of another's property as a crime unless the defendant demonstrates mitigating circumstances, i.e. that his actions arose from a claim of right reasonably held. *See, Patterson v. New York*, 432 U.S. 197, 206, 97 S.Ct. 2319, 2324–25, 53 L.Ed.2d 281, 289–90 (1977). Defendant's contention that the state must prove lack of the property owner's consent as an element of the crime has no basis in the statutory scheme. *See, State v. West*, 157 Mo. 309, 57 S.W. 1071 (1900). The statutory scheme involves no presumptions concerning the property owner's consent, or lack thereof, because none are necessary for conviction. *Compare, Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

The New York murder statute upheld as constitutional in *Patterson, supra,* allocated to defendants the burden of producing evidence concerning mitigating circumstances and the burden of persuading the trier of fact by a preponderance of the evidence that the mitigating circumstances existed. The Missouri property damage statute allocates to defendants the single burden of coming forward with some evidence concerning a reasonable explanation for their conduct, i.e. a reasonably held claim of right. Once the defendant produces such evidence, the state retains the burden of persuading the trier of fact beyond a reasonable doubt that no such right existed. The claim of right issue involves no shifting of the burden to defendants to disprove any fact essential to the offense charged since the issue bears no direct relationship to any element of the crime of property damage. *Patterson, supra,* 432 U.S. at 201, 97 S.Ct. at 2322, 53 L.Ed.2d at 286–87. The property damage statutory scheme does not deny defendants due process of law.

Defendant's second point has been resolved against him in *State v. Webbs,* 625 S.W.2d 879 (Mo.1981); *State v. Downing,* 630 S.W.2d 128 (Mo.App.1981). *See, State v. Van Horn,* 625 S.W.2d 874 (Mo.1981).

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.