**Adam C. PAVLICA, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

**No. WD 59790.**

Missouri Court of Appeals, Western District.

March 19, 2002.

Robert H. Schnieders, Oak Grove, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James H. Klahr, Asst. Atty. Gen., Jefferson City, for Respondent.

Before SPINDEN, C.J., and EDWIN H. SMITH and NEWTON, JJ.

EDWIN H. SMITH, Judge.

Adam C. Pavlica appeals from the trial court's denial of his application for attorney's fees and costs on appeal, as authorized by § 302.536.[1] The appellant sought

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

attorney's fees and costs incurred as a result of an appeal by the Director of Revenue (the Director) of the trial court's reinstatement of his driver's license, after a trial *de novo,* as authorized by § 302.535. The appellant's driver's license had been suspended pursuant to § 302.505, RSMo. 1994, for his arrest upon probable cause to believe that he was driving a motor vehicle with a blood alcohol concentration (BAC) of ten-hundredths of one percent or more by weight.

The appellant raises two points on appeal. In Point I, he claims that the trial court erred in denying his application for attorney's fees and costs on appeal because the trial court erroneously declared and applied § 302.536 in that, contrary to the interpretation given that section by the trial court in denying his application for attorney's fees and costs, it should be interpreted as applying to both an unsuccessful appeal by the Director from a ruling reinstating the driver's license, as well as a successful appeal by the driver from a ruling upholding the suspension or revocation by the Director. In Point II, he claims in the alternative, that even if we find in Point I that § 302.536 should be interpreted as only applying to a successful appeal by the driver from a ruling by the trial court upholding the Director's suspension or revocation of his or her license, the court still erred in denying his application for attorney's fees and costs because such an interpretation of § 302.536 would result in an equal protection violation.

We affirm.

### Facts

As a result of his arrest for driving while intoxicated, the appellant had his driver's license suspended pursuant to § 302.505. Having exhausted his administrative remedies to reinstate his license, he sought judicial review by way of trial *de novo,* as authorized by § 302.535. Accordingly, a trial *de novo* was conducted on May 19, 1999, at the conclusion of which, the appellant's license was ordered reinstated. The Director appealed the reinstatement to this court. We affirmed the trial court's ruling in an unpublished opinion, *Pavlica v. Dir. of Revenue,* WD 57438, 39 S.W.3d 920 (Mo.App.2000).

On September 20, 2000, the appellant filed an application for attorney's fees and costs in the Circuit Court of Lafayette County, pursuant to § 302.536. The application was heard on January 17, 2001, and taken under advisement. On February 14, 2001, the trial court entered its judgment denying the appellant's application, finding that "[b]y the clear language of § 302.536 R.S.Mo., it does not apply to a driver who wins his trial de novo and incurs expense defending an appeal brought by the Department of Revenue."

This appeal follows.

### I.

In Point I, the appellant claims that the trial court erred in denying his application for attorney's fees and costs on appeal by the Director from the reinstatement of his license because the trial court erroneously declared and applied § 302.536 in that, contrary to the interpretation given that section by the trial court in denying his application, it should be interpreted as applying to both an unsuccessful appeal by the Director from a ruling reinstating the driver's license, as well as a successful appeal by the driver from a ruling upholding the suspension or revocation by the Director. Thus, the issue is the proper interpretation to be given to § 302.536.

We will affirm the trial court's denial of the appellant's § 302.536 applica-

tion for attorney's fees and costs on appeal, unless it was not supported by substantial evidence, was against the weight of the evidence, or the court erroneously declared or applied the law. *Wellner v. Dir. of Revenue*, 16 S.W.3d 352, 354 (Mo. App.2000). Where, as here, the issue presented is one of statutory interpretation, a question of law, our review is *de novo*. *Hunter v. County of Morgan*, 12 S.W.3d 749, 755 (Mo.App.2000).

 In interpreting statutes, we are to ascertain the intent of the legislature. *Habjan v. Earnest*, 2 S.W.3d 875, 881 (Mo. App.1999). In doing so, we are to give the language used its plain and ordinary meaning. *Id.* Where the legislative intent is made evident by giving the language employed in the statute its plain and ordinary meaning, we are without authority to read into the statute an intent, which is contrary thereto. *Id.* "When the legislative intent cannot be ascertained from the language of the statute, by giving it its plain and ordinary meaning, the statute is considered ambiguous and only then can the rules of statutory construction be applied." *Id.* (*citing Bosworth v. Sewell*, 918 S.W.2d 773, 777 (Mo. *banc* 1996)).

There is no dispute that the only authority for an award of attorney's fees and costs in this case would be in accordance with § 302.536. The dispute arises over the interpretation to be given to that section in determining its reach. While the appellant contends that it ought to apply not only to a successful appeal by a driver who loses the trial *de novo* provided by § 302.535.1, but to an unsuccessful appeal by the Director, after the Director loses the trial *de novo*. The Director contends that the section can be read as only applying to the former, but not the latter. We agree.

 Section 302.536 reads:

If the judge upholds the department's ruling to suspend or revoke a person's license after a hearing conducted pursuant to subsection 1 of section 302.535, and the person appeals such ruling, the department shall pay any court costs and attorney fees the person incurs pursuant to such appeal if the court reverses the department's ruling to suspend or revoke such person's license.

Giving the language of this section its plain and ordinary meaning, it is crystal clear that the legislature intended that the payment of court costs and attorney fees by the Department of Revenue occur only where three conditions are met: (1) the trial court, at the trial *de novo* stage, upholds the suspension or revocation; (2) the trial court's ruling is appealed by the driver; and (3) on appeal, the ruling is reversed. These three conditions are made obvious by the use in the statute of the terms "judge upholds," "person appeals," and "court reverses," respectively.

 The appellant essentially concedes that when read alone § 302.536 only provides for an award of attorney's fees and costs where the driver is unsuccessful at the trial *de novo* stage and successfully appeals. However, he argues that § 302.536 must be read *in pari materia* with § 536.087, and when it is, that the interpretation for which he argues becomes the correct one. Under the statutory construction of *in pari materia*, statutes that relate to the same subject matter are to be read together to determine their meaning. *KC Motorcycle Escorts, L.L.C. v. Easley*, 53 S.W.3d 184, 187 (Mo.App. 2001). The problem with the appellant's argument is that driver's license proceedings have been expressly excluded from the reach of § 536.087 by § 536.085.1. *Atkins v. Dir. of Revenue*, 6 S.W.3d 428 (Mo.App.1999). Logically, we cannot be guided in interpreting one statute by read-

ing it together with another statute, which expressly excludes the subject matter of the statute that we are interpreting.

■ The appellant further contends, in support of his interpretation of the statute, that despite the clear language of the statute the legislature could not have intended what they said in that it would be inequitable to allow the recovery of attorney's fees and costs where the driver is unsuccessful at the trial *de novo* stage and successful on appeal, but not where the driver is successful both at the trial *de novo* stage and on appeal. This contention, however, ignores the oft-stated principle in statutory interpretation that it "is not the Court's province to question the wisdom, social desirability or economic policy underlying a statute as these are matters for the legislature's determination." *Batek v. Curators of the Univ. of Mo.*, 920 S.W.2d 895, 899 (Mo. *banc* 1996) (citation omitted). Where as here the language of the statute is crystal clear, it is not our prerogative to second-guess the wisdom of the legislature in enacting it.

Point denied.

## II.

■ In Point II, the appellant claims in the alternative, that even if we find in Point I that § 302.536 should be interpreted as only applying to a successful appeal by the driver from a ruling by the trial court upholding the Director's suspension or revocation of his or her license, the court still erred in denying his application for attorney's fees and costs because such an interpretation of § 302.536 would result in an equal protection violation.

■ As a general proposition, "a challenge to the constitutionality of a statute would divest this court of jurisdiction." *State v. Stottlemyre*, 35 S.W.3d 854, 861 (Mo.App.2001) (*citing State v. Roedel*, 884

S.W.2d 106, 108 (Mo.App.1994)); MO. CONST. art. V, § 3. However, the mere assertion of such a claim will not deprive us of jurisdiction, unless the constitutional issue is "real and substantial, not merely colorable." *Rodriguez v. Suzuki Motor Corp.*, 996 S.W.2d 47, 51 (Mo. *banc* 1999) (citations omitted).

> A claim is substantial when, upon preliminary inquiry, the contention discloses a contested matter of right, involving some fair doubt and reasonable room for controversy; but, if such preliminary inquiry discloses that the contention is so obviously unsubstantial and insufficient, either in fact or law, as to be plainly without merit and a mere pretense, the claim may be deemed merely colorable.

*State v. Lay*, 896 S.W.2d 693, 699 (Mo.App. 1995) (citation omitted). Thus, in determining whether we have jurisdiction to address the appellant's constitutional challenge to § 302.536, we are to make a preliminary inquiry into whether it has some potential merit. If we find that it does, then we are without jurisdiction to address it and must transfer it to the Missouri Supreme Court for the Court to address it. *Id.*

■ To properly preserve a constitutional challenge to the validity of a statute, the claim must have been raised at the earliest opportunity and at each step of the judicial process. *State v. Sumowski*, 794 S.W.2d 643, 647 (Mo. *banc* 1990); *Stottlemyre*, 35 S.W.3d at 861. The Director claims that this was not done. We agree.

The record reflects that the appellant filed his application for attorney's fees and costs on September 20, 2000. The application was heard and taken under advisement on January 17, 2001. The appellant filed his memorandum in support of his application on January 25, 2001. The Director filed his memorandum in opposition

to the application on the same day. On February 14, 2001, the trial court entered its judgment denying the appellant's application. A review of the transcript of the motion hearing discloses that the appellant did not raise the constitutional challenge to § 302.536 that he now raises on appeal. In addition, a review of his memorandum filed in support of his application discloses that he also did not raise the issue there either. Thus, the record supports the fact that the appellant did not raise his constitutional challenge at the earliest opportunity, but chose rather to raise it for the first time on appeal. As such, it is not properly preserved for review. *Id.*

### Conclusion

The trial court's judgment denying the appellant's application for attorney's fees and costs, filed pursuant to § 302.536, is affirmed.

SPINDEN, C.J., and NEWTON, J., concur.