STATE of Missouri, Respondent,

v.

Steven A. SELLARS, Appellant.

No. WD 61021.

Missouri Court of Appeals,
Western District.

March 4, 2003.

documents and statements at the hearing would incriminate Relators.

Kent Denzel, Assistant State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Linda Lemke, Assistant Attorney General, Jefferson City, MO, for respondent.

Before SMART, P.J., and EDWIN H. SMITH and HOLLIGER, JJ.

EDWIN H. SMITH, Judge.

Steven A. Sellars appeals the judgment of his conviction, after a jury trial in the Circuit Court of Buchanan County, of attempted possession of a controlled substance, methamphetamine, §§ 564.011.1 and 195.202.[1] As a result of his conviction, the appellant was sentenced to sixty days in the county jail and fined $1,000.

In his sole point on appeal, the appellant claims that the trial court erred in overruling his motion for a judgment of acquittal because the State failed to prove the essential element of the offense of attempted possession of methamphetamine that he had committed a substantial step toward completion of that offense.

We affirm.

## Facts

On November 3, 2000, officers from the St. Joseph, Missouri, Police Department were dispatched to investigate reports of suspicious activity at a house located at 2909 Felix Street. Upon arriving at the residence, officers noticed indications of an operating methamphetamine lab, including a cooler sitting beside a parked car at the rear of the residence. There was a large buildup of frost around the spigot on the cooler, which suggested that the cooler contained a quantity of anhydrous ammonia, an ingredient commonly used in the manufacture of methamphetamine. The officers also noticed the odors of anhydrous ammonia and ether, both of which are used to manufacture methamphetamine. Based upon their observations, the officers sought and obtained a search warrant.

The eventual search of the premises at 2909 Felix Street revealed methamphet-

---

1. All statutory references are to RSMo 2000,     unless otherwise indicated.

amine in various stages of production. The officers conducting the search found a jar containing 14.09 grams of liquid methamphetamine, which was minutes away from its solid form, and a handkerchief used to filter out the methamphetamine, which contained 0.43 grams of methamphetamine residue. In addition, they found chemicals that were used to make methamphetamine, including 49.26 grams of pseudophedrine and anhydrous ammonia found in the cooler previously observed by the officers. In the kitchen of the house, officers found spoons, syringes, and cigarette filters, items commonly used by intravenous methamphetamine users. In a microwave oven, officers also found a plate with melted ephedrine, another chemical used in the manufacture of methamphetamine. While executing the search warrant several people were present in the house, including the appellant, who were arrested on suspicion of various drug charges. The appellant was charged in the Circuit Court of Buchanan County on January 25, 2001, with one count of attempted possession of a controlled substance.

At trial, Sergeant Howard Judd of the Buchanan County Drug Strike Force testified regarding his interview of the appellant in his holding cell shortly after his arrest:

He basically informed us that he was a methamphetamine user and that he was only present at the residence at 2909 Felix to obtain methamphetamine; that he was not involved in the production of the methamphetamine there that was going on or the gathering of the various precursors or chemicals involved in the manufacture of methamphetamine.

Sergeant Judd also testified that the appellant stated that he was at the house on Felix to get methamphetamine from a man named Shane Powers, one of the people operating the methamphetamine lab, be-

cause the appellant had obtained methamphetamine from him before.

Also testifying for the State from the Strike Force was Sergeant Shawn Colley. With respect to the officers' interrogation of the appellant, he testified:

I explained to [the appellant] that we had located meth labs at the residence and we needed to know what his role is in being at the residence. He immediately told me that he was not--had nothing to do with the cook itself; that he was there with Shane Powers; that Shane Powers supplied his meth; and that he was there with Shane. He knew Shane was cooking or they were cooking and that he was waiting to get meth from Shane and then that he would have been gone.

Investigator Kelly Shuttleworth of the Strike Force was also called to testify at trial. He testified that during the appellant's interview, the appellant stated that he had a really bad methamphetamine problem and that he increased his usage of the drug after the death of his grandmother. He also stated that he wanted to get off drugs, but he just could not do it.

At the close of the State's evidence and all the evidence, the appellant moved for a directed verdict of acquittal, contending that the State had failed to prove the requisite element of a substantial step to commit the offense of possession of methamphetamine. Both motions were overruled. After deliberating, the jury found the appellant guilty of attempted possession of a controlled substance and recommended a sentence of sixty days in the county jail and a fine to be determined by the court. The appellant filed a motion for new trial raising the same objection that he raised at trial in support of his motion for a directed verdict of acquittal. His mo-

tion was overruled, and he was sentenced to sixty days in jail and fined $1,000.

This appeal follows.

## Standard of Review

When reviewing a challenge to the sufficiency of the evidence, our review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Clay*, 975 S.W.2d 121, 139 (Mo. *banc* 1998). In reviewing the sufficiency of the evidence supporting a criminal conviction, this court does not act as a "super juror" with veto powers, but gives great deference to the trier of fact. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. *banc* 1998). Thus, in our review, all evidence favorable to the State and all reasonable inferences drawn therefrom will be accepted as true, and all evidence and inferences to the contrary will be disregarded. *State v. Knese*, 985 S.W.2d 759, 769 (Mo. *banc* 1999).

## I.

■ In his sole point on appeal, the appellant claims that the trial court erred in overruling his motion for a judgment of acquittal because the State failed to prove the essential element of the offense of attempted possession of methamphetamine that he had committed a substantial step toward completion of that offense. Specifically, he claims that the only evidence of his taking a substantial step towards possessing methamphetamine was his going to the house where the methamphetamine was being manufactured and that fact, without more, was insufficient to convict. To demonstrate a substantial step, he contends the State would have had to have shown that he had made specific arrangements to obtain the drug once manufactured, which it failed to do, such that all the State's evidence established was that

he "hoped" to obtain the methamphetamine, which was insufficient to establish the requisite element of a substantial step to commit the crime of possession.

■ To convict a defendant of a criminal offense, the State is required, as a matter of due process, to prove beyond a reasonable doubt each and every element of the charged offense. *State v. Scurlock*, 998 S.W.2d 578, 582 (Mo.App.1999). Here, the appellant was charged with attempted possession of a controlled substance under §§ 195.202 and 564.011. Section 195.202 provides that "it is unlawful for any person to possess or have under his control a controlled substance." Pursuant to § 195.017.4(3)(b), methamphetamine is a controlled substance for purposes of § 195.202. To convict under § 195.202, the State must prove: (1) conscious and intentional possession of the controlled substance, either actual or constructive; and (2) an awareness of the presence and nature of the substance. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. *banc* 1992). With respect to an attempt, § 564.011.1 provides:

> A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

To convict of an attempt, under § 564.011, the State must prove that: (1) the defendant had the purpose to commit the underlying offense; and (2) the doing of an act which constituted a substantial step toward the commission of the offense. *State v. Withrow*, 8 S.W.3d 75, 78 (Mo. *banc* 1999). The appellant readily concedes that there was sufficient evidence to establish the first element, that he acted with the

purpose to commit the offense of possession of methamphetamine. It is the sufficiency of the evidence to establish the second element, the commission of a substantial step towards the crime, that he challenges.

The act or conduct that will fulfill the substantial step requirement of § 564.011 depends on the facts of the particular case. *State v. Todd*, 70 S.W.3d 509, 526 (Mo.App.2002). A substantial step or overt act towards the commission of the offense must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. *Id.* The appellant contends that to establish that he had committed a substantial step in possessing the methamphetamine, the State not only had to show that he was present at the house where the methamphetamine was being manufactured, but that he had made specific arrangements to obtain the drug. In that regard, he argues that there had to be evidence that he had arranged a purchase or made other arrangements to obtain the drug, such as bartering, deferring payment, begging, or supplying ingredients, and that there was no such evidence.

The appellant cites no cases for the proposition that proof alone of the defendant's mere presence where the controlled substance in question is found is insufficient to establish a substantial step towards the commission of the crime of possession. Whether such authority exists or not, however, matters not to our discussion in that the record here clearly demonstrates that the appellant was not merely present at the site of the methamphetamine lab by chance. Rather, the evidence indicates that he went to the residence in question for the sole purpose of obtaining methamphetamine. And, not only did he go to the site of the lab to obtain methamphetamine, but he remained there awaiting the completion of the manufacturing process. Illuminating the appellant's acts of going to the methamphetamine lab and remaining there is the additional evidence of his addiction, *see State v. Metz*, 43 S.W.3d 374, 381 (Mo.App.2001) (indicating that evidence of drug usage and addiction is relevant to a determination of substantial step), and the fact that he had previously obtained methamphetamine from Shane Powers, one of the people operating the methamphetamine lab at the house on Felix. Given those circumstances, we find that the appellant's acts of expressly going to the site of the methamphetamine lab and remaining there until the manufacturing process was nearly complete for the sole purpose of obtaining the drug were strongly corroborative of his intent to possess methamphetamine and sufficient to constitute a substantial step for purposes of § 564.011.

In ruling as we do, we reject the appellant's argument that in order to establish the proof element of a substantial step, the State had to show that he had the means to obtain the methamphetamine. As the State points out in its brief, there are a myriad of ways that those intent on possessing drugs are able to do so, *i.e.*, bartering, deferring payment, begging, or supplying ingredients. While evidence of the specific means by which the drugs are going to be obtained would be relevant in establishing the element of substantial step in an attempted drug possession case, the appellant cites no authority, nor can we find any, that holds that such evidence is required in all drug possession attempt cases to show a substantial step. Likewise, we fail to see the logic of such a requirement.

Point denied.

## Conclusion

The judgment of the circuit court convicting the appellant of attempting to possess a controlled substance, methamphetamine, §§ 564.011 and 195.202, is affirmed.

SMART, P.J., and HOLLIGER, J., concur.