**In the Matter of L.D.W., A Minor.**

**No. ED 84044.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 6, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 9, 2004.

Application for Transfer Denied
Oct. 26, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Jefferson City, MO, for appellant.

Elizabeth Byrne Hogan, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., WILLIAM H. CRANDALL JR., J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

The Division of Family Services ("DFS") appeals the judgment of the trial court awarding fees to the Guardian Ad Litem ("GAL") for L.D.W., a minor child, in an adoption proceeding. DFS claims that the trial court erred in ordering it to pay fees to the GAL because such an award is contrary to law, and was in excess of the trial court's jurisdiction. Finding no error, we affirm.

In November of 2001, L.D.W., a minor child, was placed in the custody and care of DFS. A petition for termination of parental rights was filed requesting that the rights of L.D.W.'s mother and father be terminated and that DFS be granted custody of L.D.W. The rights of L.D.W.'s mother were terminated. The court also found that neither L.D.W.'s named father, nor any other man affirmatively asserted paternity rights over L.D.W., and therefore no man had legal rights to L.D.W. Subsequently, Hattie Dell Lathion filed a petition to adopt L.D.W. The petition was heard and ultimately denied. The GAL filed a motion for attorney's fees, requesting a total of $4,238.75 in fees. The court granted the GAL's motion and ordered DFS to pay $4,238.75 to the GAL. The present appeal followed.

In its sole point on appeal, DFS claims that the trial court erred in awarding the GAL a fee against DFS because no statute authorizes such a fee, and therefore, it is contrary to law and in excess of the trial court's jurisdiction.

DFS correctly notes that fees and costs cannot be taxed against the state or an agency of the state without express statutory authority to do so. *Williams v. State Dept. of Social Services, Div. of Family Services*, 978 S.W.2d 491, 494–95 (Mo.App. 1998). Pursuant to section 210.160.4 RSMo (2000), "[t]he guardian ad litem may be awarded a reasonable fee for such ser-

vices to be set by the court. The court, in its discretion, may award such fees as a judgment to be paid by any party to the proceedings or from public funds. However, no fees as a judgment shall be taxed against a party or parties who have not been found to have abused or neglected a child or children."

In the present case, the focus of DFS's appeal is this "limiting" language. DFS claims that pursuant to the language contained in section 210.160.4, there is no statutory authority to award fees against DFS because it was not a party found to have abused or neglected L.D.W. Thus, we are called to interpret the language contained in section 210.160.

■■ "In interpreting statutes, we are to ascertain the intent of the legislature." *Pavlica v. Director of Revenue*, 71 S.W.3d 186, 189 (Mo.App.2002). We are to give the language used in the statute its plain and ordinary meaning, and when the intent of the legislature is made clear by doing so, we cannot read a contrary intent into the statute. *Id.*

Here, the plain and ordinary language of section 210.160.4 provides that in cases involving an abused or neglected child, as well as in other enumerated proceedings, such as adoption, a GAL may be appointed to represent a child. The GAL may be awarded reasonable fees for his or her services in such proceedings. Pursuant to the statute, the court has discretion to award these fees as a judgment, which can be paid either by any party to the action, or from public funds. When the court, in its discretion, determines that a party is to pay the fees, no fees can be taxed against such party who has not been found to have abused or neglected the child where such allegations have been made.

The legislature's intent with respect to the finding of abuse of neglect required is made clear by the language contained in section 210.160.1. The statute begins by stating that, "[i]n every case involving an abused or neglected child which results in a judicial proceeding, the judge shall appoint a guardian ad litem...." This language serves to clarify the provision in 210.160.4, which requires that a party be found to have abused or neglected a child in order to have fees taxed against him or her as a judgment. It is clear, when reading section 210.160.1 with 210.160.4, that the legislature intended this "limiting language" to apply only to cases where allegations of abuse or neglect are made, and where a party is found to have abused or neglected the child. Pursuant to section 210.160, where, as in the present case, no party has been found to have abused or neglected a child, fees can be assessed against "any party to the proceedings...."

In *Williams v. State Dept. of Social Services, Div. of Family Services*, the court of appeals determined that as a party to the proceedings, DFS was a party against whom fees could be assessed pursuant to section 210.160.4. 978 S.W.2d at 495. DFS claims that the *Williams* case does not apply to the present appeal. DFS argues that in *Williams*, the court did not address the "limiting language" contained in the statute regarding a finding of abuse or neglect as a prerequisite for fees to be taxed against a party, and therefore, the case does not apply to the present appeal.

The court in *Williams* based its decision solely upon the language contained in section 210.610.4, which provided that the court had discretion to award guardian ad litem fees to be paid by "any party to the proceedings." 978 S.W.2d at 495. The court found that because DFS was a party to the action in *Williams*, there was express statutory authority to assess fees against DFS. *Id.*

In *Williams*, the court reversed the probable cause finding of DFS to suspect

Williams of abusing his grandson. 978 S.W.2d at 492. Therefore, no party was found to have abused or neglected the child. As a result, it was not necessary for the court to address the portion of section 210.160.4 that expressly provides that "no fees as a judgment shall be taxed against a party or parties who have not been found to have abused or neglected a child or children."

Here, as in the *Williams* case, no party was found to have abused or neglected L.D.W. Therefore, as a party to the proceeding in the present case, DFS is a party against whom fees can be assessed, pursuant to section 210.160.4. *Williams,* 978 S.W.2d at 495. The trial court assessed the fees against DFS in the present case pursuant to its express statutory authority under section 210.160.4, and therefore, such judgment was not contrary to law or in excess of the trial court's jurisdiction. Point denied.

The judgment of the trial court is affirmed.