**STATE of Missouri, Respondent,**

v.

**John Otis BRUSHWOOD, Appellant.**

No. WD 64564.

Missouri Court of Appeals, Western District.

Sept. 13, 2005.

Dwight K. Scroggins, Jr., Prosecuting Attorney, Kate Stigall, Assistant Prosecuting Attorney, St. Joseph, MO, for respondent.

Ronald R. Holliday and Jason C. Soper, St. Joseph, MO, for appellant.

Before SMITH, C.J., and ULRICH and BRECKENRIDGE, JJ.

EDWIN H. SMITH, Chief Judge.

John Otis Brushwood appeals the judgment of his conviction, after a bench trial in the Circuit Court of Buchanan County, of the class B misdemeanor of property

damage in the second degree, § 569.120,[1] for vandalizing a motor vehicle titled in the name of his wife, from whom he was legally separated at the time. As a result of his conviction, the appellant received a sentence of three months in the Buchanan County Jail, the execution of which was suspended, with the appellant being placed on probation for one year.

The appellant raises one point on appeal. He claims that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because the State failed to prove, in violation of due process, an essential element of the offense of which he was charged and convicted, second-degree property damage, that he had damaged the property "of another," in that he had a marital interest in the motor vehicle he was charged with damaging.

We affirm.

### Facts

The appellant and Rowena Ruth Brushwood were married on September 27, 1977. Three children were born of the marriage. In addition, Rowena was the stepmother of the appellant's child of another marriage, Jonathan Brushwood. Rowena filed for divorce on November 7, 2003, in the Circuit Court of Buchanan County. An order of legal separation was entered on April 27, 2004.

In February of 2002, more than a year before Rowena filed for divorce, she helped Jonathan shop for a car. Ultimately, they agreed that he would purchase a 1997 Chevrolet Blazer. Rowena assumed that Jonathan would obtain a loan to purchase the vehicle, and she would co-sign it. However, when Jonathan was unable to obtain a loan in his name, Rowena obtained one in her name. The Blazer was titled in her name, with title to pass to Jonathan in the event of her death. The loan payments were automatically deducted from Rowena's individual checking account. Jonathan maintained insurance on the vehicle and reimbursed Rowena for many of the loan payments. Rowena occasionally drove the Blazer, which was initially kept at Jonathan's residence and was used primarily by him.

At some point, before Rowena filed for divorce in November of 2003, Jonathan stopped making payments to Rowena on the Blazer. Consequently, Rowena obtained insurance on the vehicle, which then went largely unused. On January 18, 2004, Rowena allowed Jason, who is the parties' son, to drive the Blazer, which broke down. As a result, the Blazer was towed to Tom's Garage in St. Joseph. The owner of the garage, Tom Helton, determined that the problem was with the fuel pump, caused by a large chunk of ice in the gas tank. Helton concluded that someone had poured water in the Blazer's gas tank. In that regard, sometime later, Helton ran into the appellant at a grocery store and the two talked about the Blazer's fuel pump problems. In the course of the conversation, the appellant told Helton that he should not be surprised if he found water in the gas tank.

On February 11, 2004, the appellant was charged by information in the Circuit Court of Buchanan County with property damage in the second degree. On April 16, 2004, he was also charged by information with victim tampering and violating an order of protection previously obtained by Rowena, after he allegedly called her at her job and tried to dissuade her from cooperating in the prosecution of the property damage charge. The charges were consolidated for trial.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

Following a bench trial on September 7, 2004, the appellant was found guilty of property damage, but was found not guilty of victim tampering and violating an order of protection. He was sentenced on the same date to three months in the Buchanan County Jail on the property damage charge. However, the trial court suspended the execution of his sentence and placed him on probation for one year.

This appeal followed.

## Standard of Review

In a jury-tried case, our review of a trial court's ruling on a motion for judgment of acquittal is for a submissible case. *State v. Davis,* 71 S.W.3d 659, 664 (Mo.App.2002). However, in a judge-tried case, as here, where the trier of fact and the arbiter of the law are one in the same, we review to determine whether there was sufficient evidence from which the trial court could have found the defendant guilty beyond a reasonable doubt. *Id.* In making that determination, we accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding and ignore all contrary evidence and inferences. *Id.* We do not weigh the evidence or decide the credibility of witnesses, but defer to the trial court. *Id.*

## I.

In his sole point on appeal, the appellant claims that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because the State failed to prove, in violation of due process, an essential element of the offense of which he was charged and convicted, second-degree property damage, that he had damaged the property "of another," in that he had a marital interest in the motor vehicle he was charged with damaging. We disagree.

To convict a defendant of a criminal offense, the State is required, as a matter of due process, to prove beyond a reasonable doubt each and every element of the charged offense. *State v. Sellars,* 98 S.W.3d 124, 127 (Mo.App.2003). Here, the State charged that, in violation of § 569.120.1(1), the appellant damaged the Blazer by pouring water into the gas tank. Section 569.120.1(1) provides that a person commits the crime of property damage in the second degree if he "knowingly damages property *of another.*" (Emphasis added.) Hence, to convict the appellant of property damage in the second degree, as charged under § 569.120.1(1), the State was required to prove, *inter alia,* that the property allegedly damaged, the Blazer, was "property of another." *State v. Green,* 643 S.W.2d 1, 2 (Mo.App.1982).

The appellant claims that he did not damage the "property of another," so as to allow a conviction for violating § 569.120.1(1), in that he had an undisputed marital property interest in the Blazer at the time he damaged it. Specifically, he contends in his brief:

Appellant was charged with damaging a 1997 Chevrolet Blazer by pouring five gallons of water into the gas tank. However, the evidence is undisputed that this vehicle was marital property, and the Appellant and the victim were involved in a pending action for dissolution of marriage or legal separation at the time of the alleged offense. Approximately three months after the alleged offense, this vehicle was divided by a valid judgment of Legal Separation.

As stated in *State v. Crenshaw,* 41 Mo.App. 24, 1890 WL 1857 (Mo.App. 1890) at p. 24, "the statute denounces the acts therein named as criminal only when they are done to the property of another in which the person charged has

no interest, and this want of interest in the property is the very *gravamen* of the offense." One cannot be convicted of damaging his own property unless it is done for the purpose of defrauding an insurer. Section 569.120, RSMo.1986.

The trial court erred in failing to grant Defendant's Motion for Acquittal at the Close of all the Evidence.

Even assuming, *arguendo*, that the appellant had a marital interest in the vehicle when it was damaged, his claim of error would not be correct, and he would not be entitled to the appellate relief he seeks, unless he is correct in his assertion that such an interest caused the vehicle not to be "property of another." Hence, the determination of the appellant's claim turns on an interpretation of the phrase "property of another" in § 569.120.1(1).

In interpreting statutes, we are to ascertain the intent of the legislature, giving the language used its plain and ordinary meaning. *Pavlica v. Dir. of Revenue*, 71 S.W.3d 186, 189 (Mo.App.2002). Where the legislative intent is made evident by giving the language employed in the statute its plain and ordinary meaning, we are without authority to read into the statute an intent, which is contrary thereto. *Id.* When the legislative intent cannot be ascertained from the language of the statute, by giving it its plain and ordinary meaning, the statute is considered ambiguous and only then can the rules of statutory construction be applied. *Id.*

■ When a term or phrase is defined in the statute that is being interpreted, that definition is controlling. *State ex rel. Nixon v. Estes*, 108 S.W.3d 795, 798 (Mo. App.2003). The phrase, "of another," in § 569.120.1(1), describing the alleged damaged property, is defined in § 569.010, which reads, in pertinent part: "As used in this chapter the following terms mean: ... (3) 'Of another', property is that 'of another' if any natural person, corporation, partnership, association, governmental subdivision or instrumentality, other than the actor, has a possessory or proprietary interest therein[.]" Under the express terms of this definition, for purposes of second-degree property damage, in violation of § 569.120, if a natural person, other than the actor, "has a possessory or proprietary interest" in the alleged damaged property, that property is considered "property of another." While this definition clearly requires that someone other than the actor have an interest in the property, it does not require that that person have the *only* interest, and conversely, it does not require that the actor have no interest, as the appellant contends. Thus, in order for the State to show that the Blazer was "property of another," it only had to show that someone other than the appellant had a possessory or proprietary interest in it. The appellant concedes that Rowena had such an interest.

Our interpretation of "property of another," for purposes of § 569.120, is in accord with other jurisdictions and legal authorities that have interpreted this phrase in a comparable context. *See State v. Superior Court*, 188 Ariz. 372, 936 P.2d 558, 559 (Ct.App.1997) (noting the general rule that, when interpreting criminal damage statutes without a precise definition of "property of another," the term included any property in which the defendant had anything less than exclusive ownership); *State v. Coria*, 146 Wash.2d 631, 48 P.3d 980, 983–84 (2002); *State v. Webb*, 64 Wash.App. 480, 824 P.2d 1257, 1263 (1992) (holding that the phrase "property of another," as used in defining the comparable offense of malicious mischief, includes property co-owned by the defendant, or in which the defendant shares an interest); MODEL PENAL CODE § 220.3 cmt. 3 (1980) (stating that, in statutes defining the of-

fense of criminal mischief, the phrase "property of another" should be defined "to include property 'in which any person other than the actor has an interest in which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property' "). The rationale behind this consensus interpretation is well-stated in *People v. Kheyfets,* 174 Misc.2d 516, 665 N.Y.S.2d 802, 805 (Sup.1997):

> When a husband and wife own property together, they are often deemed to have a joint tenancy in the property. 'Joint tenancy is a tenancy of two or more persons whose interests are equal in every respect.' Each concurrently owns all of the undivided whole and has a nonexclusive right to possess that undivided whole. Thus, when a husband destroys property that he owns jointly with his wife, not only does he destroy his property, which he may have a right to destroy, but he simultaneously destroys his wife's undivided one hundred percent interest in the property, which he does not have a right to destroy. Therefore, when a husband destroys marital property, he destroys the property of another and violates this element of criminal mischief statutes.

The lone case cited by the appellant in support of his position, *State v. Crenshaw,* 41 Mo.App. 24 (1890), is distinguishable from the case at bar. *Crenshaw* involved an interpretation of § 1358 of the Revised Statutes of 1879, which made it a crime for a person to willfully and maliciously damage residential or commercial buildings "in which such person has no interest." 41 Mo.App. at 25. There, the St. Louis Court of Appeals held that an indictment, which charged a defendant with violating § 1358, was defective because it failed to charge that the defendant had no interest in the damaged property. *Id.* at 26–27. In *Crenshaw,* the statute in question explicit-

ly excluded property in which the defendant had any interest. *Id.* Section 569.120 does not, such that *Crenshaw* is not controlling.

Point denied.

## Conclusion

The judgment of the circuit court, convicting the appellant of property damage in the second degree, § 569.120, is affirmed.

ULRICH and BRECKENRIDGE, JJ., concur.