STATE of Missouri, Respondent,

v.

Shauntay L. HENDERSON, Appellant.

No. WD 70606.

Missouri Court of Appeals,
Western District.

June 8, 2010.

S. Kate Webber, Esq., Kansas City, MO, for appellant.

Shaun J. Mackelprang, Esq., and Jayne T. Woods, Esq., Jefferson City, MO, for respondent.

Before Division One: KAREN KING MITCHELL, P.J., LISA WHITE HARDWICK and CYNTHIA MARTIN, JJ.

LISA WHITE HARDWICK, Judge.

Shauntay Henderson was convicted of voluntary manslaughter and armed criminal action following a bench trial. On appeal, Henderson contends the circuit court erred in denying her motion for judgment of acquittal and in entering judgment on the convictions because the State failed to prove the absence of self-defense beyond a reasonable doubt. For reasons explained herein, we affirm the circuit court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

On September 2, 2006, DeAndre Parker parked a Ford F150 truck in front of the entrance to a gas station and convenience store in Kansas City. Parker went inside the store to purchase cigarettes while his passenger, Miea Bentley, remained outside in the truck. Another vehicle pulled into the gas station and parked by the gas pumps. The driver of that vehicle got out and went inside the store. As Parker came out of store and got into the truck, a woman, later identified as Shauntay Henderson, exited the backseat of the vehicle by the pumps and walked toward the entrance of the store. As Henderson passed in front of the truck, she pulled a gun from her waistline, fired five rounds at the truck, and fled the scene. Parker was struck by a bullet and died from his injuries.

Crime scene technicians recovered five shell casings from the scene and located bullet impacts to the truck on the driver's door, driver's rear quarter panel, driver's rear tire, and front passenger tire. A fifth bullet went through the driver's window, through Parker's arm, and into his chest. No firearms were recovered from the scene.

Bentley identified Henderson's photo in a police lineup, and Henderson was charged with second-degree murder, a violation of Section 565.021, and armed criminal action, a violation of Section 571.015.[1]

During a bench trial, the State presented testimony from Miea Bentley and crime scene investigators. The court admitted into evidence photographs and diagrams of the scene that depict the position of the truck in relation to the entrance of the convenience store and surrounding objects.

Henderson testified and admitted to firing at the truck but claimed to have acted in self-defense. She said she did not know Parker was at the gas station and first noticed him while walking into the store to get a drink. As she passed in front of the truck, Parker's facial expression changed, he put the truck into gear, and he drove toward her. Henderson jumped backwards and thought she was cornered between the outside wall of the store and an ice machine. When Parker steered the truck toward her and began to move forward a second time, Henderson believed Parker was either going to run over her or shoot her. She drew the gun and fired wildly at the truck as she ran around the truck and escaped.

[1] All statutory citations are to the Revised Missouri Statutes 2000, as updated by the Cumulative Supplement 2009.

Henderson testified she had known Parker for many years. In early 2003, Parker had punched her in the face during an altercation about a go-cart. Parker previously had been shot, and a rumor had circulated that she had been involved in that shooting. In December of 2003, Parker's brother had fired a shotgun at her when she approached the brother to dispel the rumor. In the spring or summer of 2004, Parker had nearly run over her with a car while she was walking through a parking lot. Henderson also testified Parker was known to carry a gun, but she did not see him with a gun at the time of the shooting at the gas station.

At the conclusion of the trial, the circuit court acquitted Henderson of second-degree murder and convicted her of the lesser-included offense of voluntary manslaughter, Section 565.023, and armed criminal action. In rejecting Henderson's claim of self-defense, the court found as follows:

Did Ms. Henderson act in lawful self-defense? Again, based upon what I've heard, the answer to that question is no. Under the law in the State of Missouri, she did not act in lawful self-defense.

[Defense counsel] was right on the definition of self-defense, to an extent. But he left out an important element. The actor, acting in self-defense, must do everything in her power, consistent with her own safety, to avoid danger and retreat, if possible. [Ms. Henderson] did not avail herself of those avenues. She had an avenue of retreat.

... She mentioned, I think in her testimony, the possibility of seeing a gun or a gun being present or of an insinuation or an assumption that there was a gun on Mr. Parker.

There's absolutely no evidence of that. In her prior contact with Mr. Parker, no gun was mentioned, no gun was used.

A fist was used, a car was used, but there's no gun ever used. It simply is an assumption on her part and not even a strong assumption, at that. No tangible evidence or any evidence whatsoever that Mr. Parker had a gun.

So I don't think realistically she was in fear of a gun. I do think she thought that he was driving towards her yet again. I think that's what started this whole ugly scene. She could have escaped. She could have gotten behind that ice machine. She could have run into that [store] or she could have done as she did and just ran away. She is no match. She could have easily out-maneuvered a Ford F150.

So I don't think that she acted in self-defense.

The circuit court sentenced Henderson to a ten-year prison term for voluntary manslaughter but suspended execution of the sentence and placed her on probation for five years. The court sentenced her to a three-year prison term for armed criminal action. Henderson appeals the convictions.

### STANDARD OF REVIEW

In a judge-tried case, our review of a trial court's ruling on a motion for judgment of acquittal is for whether there was sufficient evidence from which the trial court could have found the defendant guilty beyond a reasonable doubt. *State v. Brushwood*, 171 S.W.3d 143, 146 (Mo.App. 2005). "In making that determination, we accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding and ignore all contrary evidence and inferences." *Id.* "We do not weigh the evidence or decide the credibility of witnesses, but defer to the trial court." *Id.*

ANALYSIS

■ In her sole point on appeal, Henderson contends the circuit court erred in denying her motion for judgment of acquittal and in entering judgment on the voluntary manslaughter and armed criminal action convictions because the State failed to prove the absence of self-defense beyond a reasonable doubt. Henderson argues a reasonably prudent person in her circumstances would have believed deadly force was necessary because the only avenue of escape from the danger of the moving truck was to use a firearm.

"A person may, [subject to certain limitations not relevant to this appeal], use physical force upon another person when and to the extent he or she reasonably believes such force to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful force by such other person...." § 563.031.1. A person may not use deadly force in self-defense unless, among other limitations not relevant to this appeal, "[h]e or she reasonably believes that such deadly force is necessary to protect himself or herself or another against death, serious physical injury, or any forcible felony." § 563.031.2(1).

■ "According to the case law interpreting [Section 563.031], to support a self-defense instruction, the evidence must show: (1) an absence of aggression or provocation on the part of the defender; (2) a real or apparently real necessity for the defender to kill in order to save himself from an immediate danger of serious bodily injury or death; (3) a reasonable cause for the defendant's belief in such necessity; and (4) an attempt by the defender to do all within his power consistent with his personal safety to avoid the danger and the need to take a life." *State v.*

*Thomas,* 161 S.W.3d 377, 379 (Mo. banc 2005). "Once the defendant has injected the issue of self-defense into the case, the burden shifts to the state to prove the absence of self-defense beyond a reasonable doubt." *State v. Allison,* 845 S.W.2d 642, 645 (Mo.App.1992).

■■ "A person is entitled to acquittal as a matter of law on the basis of self-defense only if there is undisputed and uncontradicted evidence clearly establishing self-defense." *State v. Dulaney,* 989 S.W.2d 648, 651 (Mo.App.1999). Where there is conflicting evidence or when different inferences can reasonably be drawn from the evidence, whether the defendant acted in self-defense is a question for the trier of fact. *Allison,* 845 S.W.2d at 646.

Here, the photographs and diagrams admitted into evidence depict the relative position and orientation of the truck in relation to the entrance of the convenience store and surrounding objects. Henderson testified she acted in self-defense because she believed Parker was either going to run over her or shoot her and escape required the use of a firearm. Henderson testified Parker had never threatened her with a gun before, and she did not see him with a gun at the time she began shooting.

The evidence reasonably supports the trial court's conclusion that Henderson did not do everything in her power to avoid firing upon Parker because the evidentiary photographs and diagrams support an inference that she could have escaped the moving truck by getting behind the ice machine outside the store, running into the store, or simply running away, without opening fire. Additionally, the fact that all of the bullet impacts are on the driver's side, rather than the front, of the truck, supports an inference that Henderson did not open fire upon Parker until after she

was alongside the vehicle and out of danger of being run over. Even if Henderson fired out of fear of being shot, notwithstanding available avenues of retreat, the evidence supports a conclusion that she did not have reasonable cause to believe Parker was going to shoot her because Parker never threatened her with a gun and she had not seen Parker with a gun at the gas station.

Henderson has failed to demonstrate that there was "undisputed and uncontradicted evidence clearly establishing self defense." *Dulaney,* 989 S.W.2d at 651. The circuit court did not err in denying the motion for judgment of acquittal because the evidence at trial was sufficient to support a conclusion, beyond a reasonable doubt, that Henderson did not act in self-defense when she fired shots at Parker.

### CONCLUSION

The judgment of convictions is affirmed.

ALL CONCUR.