Bryan P. RISTAU, Deceased, Barbara Ristau, Jakob Ristau and Gabrielle Ristau, Respondents,

v.

DMAPZ, INC., d/b/a Roadhouse Ruby's, Respondent,

and

Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Appellant.

No. WD 62310.

Missouri Court of Appeals,
Western District.

Jan. 20, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 2004.

Application for Transfer Denied
April 27, 2004.

John B. Boyd, Kansas City, MO, William L. Voorhies, Gladstone, MO, for respondents Ristau.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kristi L. Pittman, Assistant Attorney General, Jefferson City, MO, for appellant.

Jeff F. Stigall, Kansas City, MO, for respondent DMAPZ, Inc.

Before: BRECKENRIDGE, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

The Missouri State Treasurer ("Appellant"), as custodian of the Second Injury Fund (the "Fund"), appeals from the La-

bor and Industrial Relations Commission's (the "Commission") final award that ordered the Fund to pay wage loss benefits for wages from Bryan Ristau's ("Employee") second job to his surviving wife and children ("Claimants"). Appellant claims the Commission erred in interpreting sections 287.250.8 and 287.220.9.[1] Appellant argues the recovery of benefits from the Fund by employees with multiple employments provided for in section 287.220.9 is limited to temporary total or temporary partial disability benefits.

We affirm in part and reverse in part.

## Background

Roadhouse Ruby's employed Employee as a part-time bouncer. Roadhouse Ruby's paid Employee $10 per hour, an average of $300 per week. Employee had worked for Roadhouse Ruby's for only two weeks prior to his death. At the time of his death, Employee was also a full-time employee of Ford Motor Company, where he earned average weekly wages of $793.90.

On the evening of January 31, 1999, in the course and scope of his employment, Employee became involved in an altercation with a patron of Roadhouse Ruby's. The patron shot and killed Employee on Roadhouse Ruby's premises. Employee was survived by his wife, Barbara Ristau, and two minor children, Jakob and Gabrielle.

Claimants filed a workers' compensation claim and received funeral expenses and compensation. The Administrative Law Judge ("ALJ") determined that Roadhouse Ruby's must provide death benefit compensation to Claimants at a rate of $200 per week. Based on sections 287.220.9 and 287.250.8, the ALJ concluded Claimants were not entitled to death benefits

from the Fund for wages lost from Employee's job at Ford Motor Company. The Claimants appealed the ALJ's decision to the Commission.

The Commission modified the decision and award of the ALJ. Specifically, the Commission disagreed with the ALJ's determination that section 287.250.8 narrows the scope of section 287.220.9 by specifically delineating when wages from multiple employments can be added together. The Commission concluded that section 287.250.8 does not preclude the Fund from paying death benefits for multiple employments. The Commission affirmed and incorporated the finding of the ALJ that Roadhouse Ruby's was responsible to Claimants for weekly death benefits in the amount of $200. The Commission further found that the Fund was responsible to Claimants for weekly death benefits in the amount of $362.67.

## Standard of Review

In resolving fact questions, this court considers the evidence in the light most favorable to the findings of the Commission. *West v. Posten Constr. Co.,* 804 S.W.2d 743, 744 (Mo. banc 1991). Decisions of the Commission that are clearly the interpretation or application of the law, however, do not bind us and fall within our province of correction. *Burgess v. NaCom Cable Co.,* 923 S.W.2d 450, 452 (Mo.App. E.D.1996). This case involves a purely legal question, the interpretation of statutes; therefore, our review is *de novo.* *Knob Noster Educ. v. Knob Noster R–VIII Sch. Dist.,* 101 S.W.3d 356, 360 (Mo.App. W.D.2003).

## Argument

The dispute between the parties concerns the interpretation of sections

---

**1.** Unless otherwise indicated, statutory references are to RSMo Cum.Supp.1999.

287.220.9 and 287.250.8. Appellant argues that section 287.250.8 limits the recovery of wage loss benefits from the Fund under section 287.220.9 to temporary total or temporary partial disability benefits. Claimants argue that either the statutes clearly allow recovery of death benefits or that the statutes are ambiguous, and the ambiguity should be resolved in favor of compensation for Claimants.

When this court construes a statute, "our primary role is to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent." *Martinez v. State*, 24 S.W.3d 10, 16 (Mo.App. E.D.2000). In determining legislative intent, we construe words and phrases used in the statute in their plain, ordinary, and usual sense. *Id.* If the language of the statute is unambiguous, we give effect to the language as written and will not resort to rules of statutory construction. *Id.*

At the time of Employee's death, section 287.220.9 read:

9. Any employee who at the time a compensable work-related injury is sustained is employed by more than one employer, the employer for whom the employee was working when the injury was sustained shall be responsible for wage loss benefits applicable only to the earnings in that employer's employment and the injured employee shall be entitled to file a claim against the second injury fund for any additional wage loss benefits attributed to loss of earnings from the employment or employments where the injury did not occur, up to the maximum weekly benefit less those benefits paid by the employer in whose employment the employee sustained the injury. The employee shall be entitled to a total benefit based on the total average weekly wage of such employee computed according to subsection 8 of

section 287.250. The employee shall not be entitled to a greater rate of compensation than allowed by law on the date of the injury. The employer for whom the employee was working where the injury was sustained shall be responsible for all medical costs incurred in regard to that injury.

Section 287.250.8 read:

8. For an employee with multiple employments, as to the employee's entitlement to any temporary total or temporary partial disability benefits only pursuant to subsection 9 of section 287.220, and for no other purposes, the employee's total average weekly wage shall be equal to the sum of the total of the average weekly wage computed separately for each employment pursuant to the provisions of this section to which the employee is unable to return because of this injury.

We agree with Appellant that section 287.250.8 limits the type of benefits recoverable from the Fund under section 287.220.9. Section 287.250.8 specifically states that an employee's wages shall be added together *only* for *temporary* benefits pursuant to 287.220.9 and "for no other purposes." Combining wages for the calculation of death benefits is a purpose other than computing temporary disability benefits. Section 287.250.8 does not provide for death benefits or permanent disability benefits.

Section 287.220.9 provides that an employee "shall be entitled to a total benefit based on the total average weekly wage of such employee computed according to subsection 8 of section 287.250." Section 287.250.8 addresses the computation of temporary disability benefits only. To allow an employee to recover something other than temporary disability benefits would confer a benefit beyond the scope of

the statutes. The statutes are not ambiguous. They prescribe the method for calculating temporary disability benefits when the employee has multiple employments. The plain language of section 287.250.8 limits the type of benefits recoverable from the Fund under section 287.220.9 to temporary total or temporary partial disability benefits.

The legislative histories of sections 287.220.9 and 287.250.8 support this conclusion. Prior to 1993, the Workmens' Compensation Law contained no provisions concerning employees with multiple employments. *Hillyard v. Hutter Oil Co.,* 978 S.W.2d 75, 77 (Mo.App. S.D.1998). In 1993, the legislature added subsection 8 to section 287.250. That version specifically addressed multiple employment, but did not reference section 287.220.9. In 1998, the legislature amended section 287.250.8 to limit its application to temporary disability benefits only and to limit its application pursuant to section 287.220.9. The legislature previously amended section 287.220.9 in 1993 to provide for additional temporary wage loss benefits attributed to loss of earnings from other employments. This version included the reference to section 287.250.8 for determining the total benefit due an employee.

■ "A change in a statute is ordinarily intended to have some effect." *Id.* at 78. We will not presume the legislature engaged in a useless act. *Id.* The legislature amended section 287.250.8 to limit its applicability to temporary disability benefits only. It further limited its application to section 287.220.9. This demonstrates the legislature's intent to limit the Fund's liability for benefits under section 287.220.9 to temporary disability benefits as calculated in subsection 8 of section 287.250.

■ Workers' compensation laws are to be liberally construed "with a view to the public welfare." *Vatterott v. Hammerts*

*Iron Works, Inc.,* 968 S.W.2d 120, 121 (Mo. banc 1998). Ambiguities should be resolved in favor of the employee. *State ex. rel. Lakeman v. Siedlik,* 872 S.W.2d 503, 505 (Mo.App. W.D.1994). After review of the plain and ordinary meaning of sections 287.250.8 and 287.220.9, however, we do not find any ambiguity. Section 287.250.8 limits the benefits recoverable from the Fund under section 287.220.9 to temporary disability benefits. The legislative histories of these sections indicate the legislature's intention to limit the benefits available.

## Conclusion

While this court sympathizes with the loss of the Claimants, we cannot confer a benefit outside the scope of the Workers' Compensation Law. The legislature clearly intended to limit the benefits an employee could recover from the Fund in a multiple employment situation. We uphold the part of the Commission's award finding that Roadhouse Ruby's is responsible to Claimants for weekly death benefits in the amount of $200. We reverse the portion of the award holding the Fund responsible for weekly death benefits in the amount of $362.67.

BRECKENRIDGE, P.J., and EDWIN H. SMITH, J., concur.