Richard BAUER, James Bruce, Steve Dwyer and Delbert Clark, Appellants,

v.

CITY OF GRANDVIEW, Respondent,

Missouri Local Government Employees Retirement System, Amicus Curiae.

No. WD 63037.

Missouri Court of Appeals,
Western District.

July 20, 2004.

Richard Helfand, Kansas City, MO, for Appellants.

James H. Ensz, Kansas City, MO, for Respondent.

J. Kent Lowry and Kimberly J. Shields, Jefferson City, MO, for Amicus Curiae.

Before LOWENSTEIN, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Two current and two former employees (Employees) of the City of Grandview (City) filed a declaratory judgment action, seeking a declaration that City's matching contributions to Employees' deferred compensation accounts are "compensation" as defined by section 70.600(8).[1] Thus, they contend City must report the contributions as compensation to Missouri's Local Government Employee's Retirement System (LAGERS) and make contributions to LAGERS based on that compensation, thereby increasing Employees' LAGERS benefits.

Both parties moved for summary judgment. The court entered judgment granting City's motion and denying Employees' motion. The court held as a matter of law that the language of section 70.600(8) clearly and unambiguously excepts City's contributions to Employees' deferred com-

pensation accounts from the definition of "compensation" to be reported to LAGERS. Employees appeal.

For the reasons set forth below, we affirm the trial court's judgment.

## Background

In 1981, the City of Grandview, Missouri (City), passed Resolution No. 81–52, establishing a deferred compensation plan for its employees.

In 1983, City passed Resolution No. 83–40, under which it repealed Resolution 81–52 and approved in its place a deferred compensation plan "to comply with ... federal legislation and Internal Revenue Service Regulations" governing deferred compensation plans. The Resolution indicates "the Internal Revenue Service has issued a private letter ruling approving [the] plan document as in compliance with section 457 of the Internal Revenue Code" (the Code).[2]

In 1985, City passed "Substitute Resolution No. 85–3," establishing matching contributions by City to a participating employee's section 457 deferred compensation account in an amount not to exceed two-percent of the employee's annual base salary. Subsequently two amendments were enacted, Resolution Nos. 91–04 and 92–13, changing the vesting schedule.

In 1997, City passed the most recent resolution relating to its section 457 deferred compensation plan, which reportedly was necessary to comply with amendments to the Code.[3] At issue in this appeal

1. Statutory references are to RSMo 2000.

2. The IRS private letter ruling is not a part of the record on appeal.

3. The "457 Deferred Compensation Plan and Trust Document" (dated November 1996) attached to the 1997 resolution indicates that it "has been submitted to the Internal Revenue

Service by a public employer for a Private Letter Ruling. The IRS has not yet issued a Ruling on the plan and may require changes in [the] document prior to issuing a Ruling. If changes are required in the document, you will be notified of the changes." The record before this court does not indicate whether a

are City's matching contributions to its employees' deferred compensation accounts under the section 457 plan. These contributions (1) are only made on behalf of employees who elect to make a contribution, (2) are not subject to federal income tax withholding or taxation to the participating employee until distributed to the employee, which is planned to be after retirement, and (3) are paid into the ICMA Retirement Trust. City has never reported money it contributes to its employees' deferred compensation accounts to LAGERS as "compensation," so the matching contributions have never been considered in calculating an employee's benefits under the LAGERS retirement system.

On November 13, 2001, Employees filed a "Petition for Declaratory Judgment, Injunctive Relief and Damages" on behalf of themselves "and all other similarly situated employees and retirees of [City]." They maintained that section 457 of the Code does not provide for employer contributions to an employee's deferred compensation account, so City's contributions cannot be excepted from section 70.600(8)'s definition of "compensation." Thus, Employees argued that City should be reporting the matching contributions as compensation to LAGERS. That compensation would then be factored into City's required contributions to LAGERS on Employees' behalves, thereby increasing Employees' LAGERS benefits.

On November 4, 2002, City moved for summary judgment. City claimed entitlement to judgment as a matter of law because that the plain language of section 70.600(8) dictates that its contributions to Employees' deferred compensation accounts cannot be used in determining the "compensation" it is required to report to LAGERS because the definition of "compensation" therein explicitly excepts from consideration "Employer contributions to any employee benefit plan or trust." Employees also moved for summary judgment, arguing, in summary, that City's matching contributions were not to an "employee benefit plan or trust" because employer contributions are not allowed to section 457 deferred compensation plans. On March 6, 2003, the court heard argument on the competing motions.

On May 30, 2003, the circuit court entered summary judgment for City, concluding:

1. The language of Section 70.600(8) RSMO is clear and unambiguous. Applying the plain and ordinary meaning of "contributions to any employee benefit plan or trust" as used in the definition of "Compensation" in Section 70.600(8) RSMO (the LAGERS statute), the City's contributions to the employees' 457 Plan accounts are "contributions to any employee benefit plan or trust."

2. Consequently, an employee's compensation for purposes of LAGERS does not include the City's contributions to the employees' 457 plan accounts.

3. Therefore, the City has no obligation to report to LAGERS the matching contributions or credits it makes to its employees' benefit plans and is not required to make contributions to LAGERS on said contributions.

4. The Internal Revenue Code provisions considering federal tax ramifications or employee tax benefit programs, employee trusts and/or annuities are irrelevant to this court's consideration of whether or not the City matching payments made to an employee's benefit plan constitute compensation as defined by the LAGERS statute, Section 70,600, et seq. RSMo.

letter was ever issued or whether any changes have been made.

5. The City is entitled to summary judgment as a matter of law.

## Standard of Review

To be entitled to summary judgment, City must show there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Rule 74.04(c); *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). "The propriety of summary judgment is purely an issue of law," which this court reviews de novo. *Id.* at 376.

The parties filed cross-motions for summary judgment, both of which turned on the purely legal, statutory interpretation question of whether City's contributions to Employees' deferred compensation accounts are "compensation" as that term is defined in section 70.600(8). Employees insist that the circuit court erred in not looking past the plain and ordinary meaning of the statute to avoid an illogical result. As explained below, we disagree.

## LAGERS

It is undisputed that City contributes to the LAGERS system, as governed by sections 70.600 through 70.755, on its employees' behalf. A brief synopsis of the relevant LAGERS sections follows:

Pursuant to section 70.656, the retirement benefits a participating employee receives under section 70.655 are based on the employee's "final average salary," which is defined in section 70.600(12). That salary is calculated by averaging the compensation of the employee during the highest sixty consecutive months (five years) of credited services or, if the employer elects to do so, by averaging the employee's compensation during the highest thirty-six months (three years) of credited service.

Pursuant to section 70.655, a participating employee's monthly retirement benefit is equal to a percentage of the employee's final average salary multiplied by the number of years of credited service in the applicable benefit program elected by the employer under the LAGERS system. Based on the formula provided in section 70.655, as a participating employee's compensation from his or her employment increases, that employee's benefit from the City's retirement plan increases because the increased reported compensation will ultimately increase his or her final average salary calculation under sections 70.600(12) and 70.656.

City's contribution to LAGERS on behalf of its employees is calculated based on the "compensation" paid to the employees. Section 70.600(8) defines in relevant part the "compensation" to be reported as follows:

"Compensation" [is] the remuneration paid an employee by a political subdivision ... for personal services rendered by the employee for the political subdivision ... In determining compensation no consideration shall be given to:

\* \* \*

(b) Employer contributions to *any employee benefit plan or trust;*

\* \* \*

(Emphasis added.) As noted, the issue is whether City's matching contributions to the deferred Employees' deferred compensation accounts are "compensation" under this definition.

## Discussion

Employees claim in their point on appeal:

The trial court erred in granting [City's] motion for summary judgment because [City] failed to show that it was entitled to summary judgment as a matter of law in that the trial court should have looked

beyond the plain and ordinary meaning of section 70.600 ... to take into consideration the federal laws governing employee benefit plans and trusts set forth in the Employee Retirement Income Security Act [(ERISA)], 29 U.S.C.A. § 1002, 29 U.S.C.A. § 1144, and 26 U.S.C.A. §§ 401(a) and 457 of the Internal Revenue Code when rendering its decision and, by doing so, it would have reached the more reasonable and logical result that [City's] plan does not qualify as an employee benefit plan or trust under section 70.600(8).

This issue requires interpretation of section 70.600(8), which defines "compensation" as set forth above. In interpreting the statute, we seek "to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent. In determining legislative intent, we construe words and phrases used in the statute in their plain, ordinary, and usual sense." *Ristau v. DMAPZ, Inc.*, 130 S.W.3d 602, 605 (Mo. App. W.D.2004) (internal quotation marks and citations omitted).

Section 70.600(8) provides that "[i]n determining compensation [to be reported to LAGERS] *no consideration shall be given to:* ... (b) *Employer contributions to any employee benefit plan or trust.*" (Emphasis added.) Employees concede in their point relied on that the plain and ordinary language of this statute exempts City's contributions to their deferred compensation accounts. But, they insist that by not looking beyond the plain and ordinary language, an illogical or unreasonable result will follow. Without citation, they claim that the "intent of [section 70.600(8)'s exclusion of 'any employee benefit plan or trust' from the definition of 'compensation' to be reported to LAGERS] was to defer current taxation of payments made on behalf of employees by paying money into a *tax qualified* benefit plan or trust which permits tax deferral." (Emphasis added.) Thus, they argue that because City's 457 Plan "does not qualify as [an eligible or qualified] tax deferrable employee benefit plan under the Code," it is "no longer an employee benefit plan or trust for the purpose of excluding these payments from the employee's compensation under LAGERS. These employer contributions must now be considered additional compensation to the employee on which the employer must make contributions to LAGERS."

We need not exercise the "closer scrutiny" insisted upon by Employees and consider whether City's matching contributions to Employees' deferred compensation accounts are permitted under section 457 of the Code or resort to an in depth analysis of the Code's extensive treatment of various deferred compensation plans. Our legislature explicitly directs in section 70.600(8) that in determining the "compensation" City is required to report to LAGERS, "no consideration shall be given to: ... (b) Employer contributions to *any* employee benefit plan or trust." (Emphasis added.) Although in the context of interpretation of a criminal statute, this court has found that "[j]ust as the word 'any' as used in a constitutional provision is all-comprehensive, and is equivalent to 'every,' it should also be construed as 'all-comprehensive' in a statutory provision." *State v. Bouser*, 17 S.W.3d 130, 139 (Mo. App. W.D.1999) (internal quotation marks and citations omitted).

There is no dispute that City contributes to an "employee benefit plan or trust." Rather, Employees insist that for the City's matching contributions at issue to be excepted from "compensation" under LAGERS, its "employee benefit plan or trust" must be "valid" or "qualified" under the Code, otherwise, an illogical result will follow. But, our Legislature has not so

limited the term. Instead, it explicitly exempts from consideration as "compensation" in section 70.600(8)(b) "*any* employee benefit plan or trust." "Where [as here] the legislative intent is made evident by giving the language employed in the statute its plain and ordinary meaning, we are without authority to read into the statute an intent … contrary thereto." *Pavlica v. Dir. of Revenue,* 71 S.W.3d 186, 189 (Mo.App. W.D.2002). Whether City's deferred compensation plan is proper under the Code is irrelevant under the plain language of section 70.600(8). Employees argue that to so hold will allow an employer to get away with not reporting to LAGERS its contributions to any plan it should arbitrarily deem an "employee benefit plan or trust," regardless of its eligibility for the standard tax benefits of a retirement plan. Without going into great detail about all of the concomitant tax and reporting issues involved with employee benefit plans and trusts, we do not think it is likely such a situation will result from our holding. Point denied.

## Conclusion

City is entitled to summary judgment on Employees' declaratory judgment action. Its matching contributions to Employees' deferred compensation accounts are not "compensation" to be reported to LAGERs under section 70.600(8)(b). Judgment affirmed.

LOWENSTEIN, P.J., and EDWIN H. SMITH, J., concur.