

# In the Missouri Court of Appeals
## Eastern District

| | |
|---|---|
| STATE OF MISSOURI EX REL. ANDREW BAILEY, RELATOR, | No. ED112417 |
| | Writ of Prohibition |
| vs. | SHELBY COUNTY CIRCUIT COURT Cause No. 19SB-CR00122 |
| THE HONORABLE TERRY TSCHANNEN, CIRCUIT JUDGE, RESPONDENT. | Filed: March 12, 2024 |

Introduction

The Attorney General for the State of Missouri, Andrew Bailey (the Attorney General), has filed a petition for writ of prohibition seeking to prohibit the respondent, Judge Terry A. Tschannen (the trial court), from terminating probationer Katrina Kraus's (Probationer) term of probation due to the accrual of earned compliance credits (ECCs). The Attorney General argues Probationer cannot accrue ECCs under the plain language of Section 217.703.1(2),[1] which does not allow the accrual of ECCs to persons convicted of certain sexual offenses. This Court agrees. We issued a preliminary order, which we now make permanent. Being fully advised, this Court dispenses with all further procedure in the interests of justice. Rule 84.24(i). We note that, while we grant the writ of prohibition, we are sympathetic to the trial court's predicament: multiple amendments to Section 217.703 have rendered this statute exceedingly difficult to interpret. The

---

[1] All statutory references are to RSMo. cum. supp. 2023, unless otherwise indicated.

trial court's reading of the statute was reasonable, even though we ultimately disagreed with that reading. We encourage the Missouri General Assembly to again amend Section 217.703 to reconcile the conflicting language.

Factual and Procedural Background

On December 20, 2019, Probationer entered a plea of guilty to one count of the class D felony of statutory rape in the second degree and one count of the class D felony of statutory sodomy in the second degree, pursuant to a plea agreement with the State. In accordance with the agreement, the trial court sentenced Probationer to consecutive terms of seven years in the Missouri Department of Corrections on the count of statutory rape and six years' imprisonment on the count of statutory sodomy, but the court suspended execution of Probationer's sentences and placed her on probation for a period of five years under the supervision of the Division of Probation and Parole (the Division).

On October 26, 2023, the State filed a motion to revoke Probationer's probation for two probation violations.[2] Probationer filed a motion to discharge her from probation and to dismiss the State's motion for probation revocation. Probationer argued both that she was eligible for ECCs and that she had accrued enough credits to end her term of probation on July 4, 2022, which was substantially before the alleged probation violations in October of 2023. The State responded that Section 217.703.1(2) explicitly declares that offenses defined as sexual assault under Section 589.015, which includes statutory rape in the second degree and statutory sodomy in the second degree, are excluded from ECCs to reduce a defendant's probationary term.

---

[2] The Division reported that Probationer violated the terms of her probation in October of 2023, in that (1) she knowingly had contact with a child less than sixteen years of age (specifically, she cut the hair of her niece, age 9); and (2) she knowingly viewed pornographic material.

2

After a hearing, the trial court found Section 217.703.1(2) to be in conflict and unreconcilable with Section 217.703.2, which provides the sentencing court may make a finding in certain cases that an offender is ineligible to earn compliance credits, including when an offender has been convicted of second-degree statutory rape or second-degree statutory sodomy. The trial court concluded the specific language of Section 217.703.2, which references statutory rape in the second degree and statutory sodomy in the second degree by name, must defeat the unspecific language of Section 217.703.1(2), which makes general reference to offenses defined as sexual assault in a separate statute. Accordingly, the trial court determined that, because he did not make a finding that Probationer was ineligible for ECCs within the allowed timeframe of Section 217.703.2, she was therefore eligible for ECCs. The trial court further found that, because Probationer had incurred no probation violations during the first 30 months of her probation, she had earned a 30-month reduction in her probationary term pursuant to Section 217.703.3, and thus her probationary term had expired on July 1, 2022. The trial court sustained Probationer's motion to dismiss the State's motion for revocation of probation, and the trial court discharged Probationer from probation.

The Attorney General filed this writ of prohibition to prevent the trial court from dismissing the State's motion for revocation of probation and from granting Probationer's motion to discharge her from probation. This Court issued a preliminary order.

## Discussion

Prohibition is a discretionary writ that is available to prevent an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent the exercise of extra-judicial authority. McCoy v. Martinez, 480 S.W.3d 420, 423-24 (Mo. App. E.D. 2016). If a trial court releases a probationer from probation without authority to do so by improperly applying ECCs under Section 217.703,

prohibition is an appropriate remedy.  See State ex rel. Hillman v. Berger, 566 S.W.3d 600, 605 (Mo. banc 2019).  The issue before this Court is whether the trial court exceeded his authority by finding Probationer was eligible for ECCs to reduce her probationary term.  We find the trial court exceeded his authority, and we make the writ absolute.

Section 217.703[3] sets forth the statutory framework for ECCs, which provides that for every full calendar month that a probationer is in compliance with the terms of his or her

---

[3] Section 217.703 states in relevant part:

1.  The division of probation and parole shall award earned compliance credits to any offender who is:

(1)  Not subject to lifetime supervision under sections 217.735 and 559.106 or otherwise found to be ineligible to earn credits by a court pursuant to subsection 2 of this section;

(2)  On probation, parole, or conditional release for an offense listed in chapter 579, or an offense previously listed in chapter 195, or for a class D or E felony, excluding sections 565.225, 565.252, 566.031, 566.061, 566.083, 566.093, 568.020, 568.060, offenses defined as sexual assault under section 589.015, deviate sexual assault, assault in the second degree under subdivision (2) of subsection 1 of section 565.052, endangering the welfare of a child in the first degree under subdivision (2) of subsection 1 of section 568.045, and any offense of aggravated stalking or assault in the second degree under subdivision (2) of subsection 1 of section 565.060 as such offenses existed prior to January 1, 2017;

(3)  Supervised by the division of probation and parole; and

(4)  In compliance with the conditions of supervision imposed by the sentencing court or board.

2.  If an offender was placed on probation, parole, or conditional release for an offense of:

(1)  Involuntary manslaughter in the second degree;

(2)  Assault in the second degree except under subdivision (2) of subsection 1 of section 565.052 or section 565.060 as it existed prior to January 1, 2017;

(3)  Domestic assault in the second degree;

(4)   Assault in the third degree when the victim is a special victim or assault of a law enforcement officer in the second degree as it existed prior to January 1, 2017;

(5)  Statutory rape in the second degree;

(6)  Statutory sodomy in the second degree;

(7)  Endangering the welfare of a child in the first degree under subdivision (1) of subsection 1 of section 568.045; or

4

supervision, the term of probation shall be reduced by 30 days. Section 217.703.3. Not all probationers, however, are eligible for ECCs. While Section 217.703.1 provides that the Division shall award ECCs to any offender who is on probation for a class D or E felony, the statute explicitly makes some offenses ineligible for ECCs, such as certain sexual offenses, including "offenses defined as sexual assault under Section 589.015." Section 217.703.1(2). In turn, Section 589.015 defines sexual assault to include statutory rape in the second degree and statutory sodomy in the second degree. Section 589.015(2)(a). However, subsection two of Section 217.703 also provides that in cases where an offender is convicted of certain crimes, specifically naming statutory rape in the second degree and statutory sodomy in the second degree, the sentencing court *may* make a finding within a certain timeframe that the offender is ineligible to earn compliance credits. Section 217.703.2.

In applying statutes, a court's primary obligation is "to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." Hillman, 566 S.W.3d at 604-05 (citation omitted). If the statutory

---

(8) Any case in which the defendant is found guilty of a felony offense under chapter 571;

the sentencing court may, upon its own motion or a motion of the prosecuting or circuit attorney, make a finding that the offender is ineligible to earn compliance credits because the nature and circumstances of the offense or the history and character of the offender indicate that a longer term of probation, parole, or conditional release is necessary for the protection of the public or the guidance of the offender. The motion may be made any time prior to the first month in which the person may earn compliance credits under this section or at a hearing under subsection 5 of this section. The offender's ability to earn credits shall be suspended until the court or board makes its finding. If the court or board finds that the offender is eligible for earned compliance credits, the credits shall begin to accrue on the first day of the next calendar month following the issuance of the decision.

3. Earned compliance credits shall reduce the term of probation, parole, or conditional release by thirty days for each full calendar month of compliance with the terms of supervision. Credits shall begin to accrue for eligible offenders after the first full calendar month of supervision or on October 1, 2012, if the offender began a term of probation, parole, or conditional release before September 1, 2012.

language is plain and unambiguous, court must apply the language as written. Id. at 605. However, when two statutes, which may each be plain and unambiguous on their own, conflict with each other, courts turn to canons of statutory construction. Id. Whether there is a conflict between two statutes is a threshold question. Id.

Here, neither Section 217.703.1(2) nor Section 217.703.2 is ambiguous, but they conflict. The plain language of Section 217.703.1(2) mandates that the offenses of statutory rape in the second degree and statutory sodomy in the second degree are categorically ineligible for ECCs, while Sections 217.703.2(5) and (6) grant a trial court the discretion to find them ineligible. The mandate in Section 217.703.1(2) renders superfluous Sections 217.703.2(5) and (6), in that there is no discretion to allow ECCs that are already banned; and the plain language in Sections 217.703.2(5) and (6), allowing a trial court the discretion to disallow ECCs for statutory rape in the second degree and statutory sodomy in the second degree, suggests these two offenses are not categorically ineligible for ECCs, in direct contradiction of Section 217.703.1(2), rendering Section 217.703.1(2) meaningless. "When two statutory provisions covering the same subject are unambiguous standing separately but are in conflict when examined together, a reviewing court must attempt to harmonize them and give them both effect." Id. (citing Earth Island Inst. v. Union Elec Co., 456 S.W.3d 27, 33 (Mo. banc 2015)).

Because the statutes here conflict, we must turn to canons of statutory construction to resolve the conflict and determine what the legislature intended.[4] See Hillman, 566 S.W.3d at 605-06; Parktown Imports, Inc. v. Audi of America, Inc., 278 S.W.3d 670, 672 (Mo. banc 2009) (rules of statutory interpretation should not be applied haphazardly or indiscriminately to achieve

---

[4] While we use the canons of statutory interpretation here to ascertain legislative meaning from these conflicting statutes, we note that "[i]t is always better to seek the correction of a situation caused by confusing or conflicting statutes, in the Legislature, where the power to regulate lies, rather than in the courts which cannot change the statutes but only interpret and enforce them." Stribling v. Jolley, 253 S.W.2d 519, 522 (1952).

6

desired result). There are multiple canons of statutory interpretation, and we find four to be applicable here. While application of the canons frequently suggests inconsistent results, we balance the results of each to determine what the preponderance of the guidance tells us. Hillman, 566 S.W.3d at 606; Parktown Imports, 278 S.W.3d at 672.

The first canon is the doctrine of *in pari materia*, which provides that, when one statute deals with a subject in general terms and the other deals in a specific way, to the extent they conflict, the specific statute prevails over the general statute. State ex rel. Taylor v. Russell, 449 S.W.3d 380, 382 (Mo. banc 2014); see also Hillman, 566 S.W.3d at 60. As recognized and applied by the trial court here, Section 217.703.2 is specific while Section 216.703.1(2) is general, in that Sections 217.703.2(5) and (6) address statutory rape in the second degree and statutory sodomy in the second degree by name, while Section 217.703.1(2) identifies these same offenses only by reference to another definitional statute. See Hillman, 566 S.W.3d at 606 (statute that applies to specific subset of probationers prevails over statute setting forth general framework); Wille v. Curators of Univ. of Missouri, 627 S.W.3d 56, 65 (Mo. App. E.D. 2021). This factor weighs in favor of applying Section 217.703.2 over Section 217.703.1(2), as the trial court found here. However, the "general/specific canon, … 'is not an absolute rule, but is merely a strong indication of statutory meaning that can be overcome by textual indications that point in the other direction.'" Earth Island Inst. Co., 456 S.W.3d at 33. Although Section 217.703.2 is more specific than Section 217.703.1(2), this is not the end of the analysis.

The second canon of statutory interpretation provides that, in general, a statute enacted later in time will prevail over an earlier statute, because "when the legislature amends a statute, that amendment is presumed to change the meaning of the law." State ex rel. Coleman v. Wexler Horn, 568 S.W.3d 14, 21 (Mo. banc 2019); see also Hillman, 566 S.W.3d at 606-07. When the

7

Missouri General Assembly first enacted Section 217.203 in 2012, the statute listed several offenses that were ineligible for ECCs, and, while the list of ineligible offenses included sexual assault, it did not include statutory rape in the second degree and statutory sodomy in the second degree.[5] Section 217.203.1(2), RSMo. supp. 2012. Instead, Section 217.703.2 in 2012 originally gave the trial court the discretion to make a finding that offenders convicted of certain crimes, including statutory rape in the second degree and statutory sodomy in the second degree, were ineligible for ECCs. Sections 217.703.2(5) and (6), RSMo. supp. 2012. The legislature gradually amended Section 217.703.1(2) to add additional offenses that were ineligible for ECCs: in 2013, adding second-degree rape and second-degree sodomy, and in 2018, amending "sexual assault" as an ineligible offense to "offenses defined as sexual assault under section 589.015," which included statutory rape in the second degree and statutory sodomy in the second degree.

Here, the progression of these amendments adding offenses ineligible for ECCs is a clear indication of the legislature's intent to prohibit offenders convicted of sexual crimes from accruing ECCs. Under these circumstances, we can ascertain the legislature's intent to replace a trial court's discretionary authority to find an offender convicted of statutory rape in the second degree or statutory sodomy in the second degree to be ineligible for ECCs, with a decree that these offenses are categorically ineligible for ECCs. Moreover, while providing different avenues for a determination of ineligibility, both Section 217.703.1(2) and Section 217.703.2 serve to limit the application of ECCs, demonstrating the legislature's intent to withhold ECCs from probationers convicted of statutory rape in the second degree or statutory sodomy in the second degree. See Hillman, 566 S.W.3d at 604-05 (courts' primary obligation is to give effect to legislative intent as

---

[5]The full list of offenses ineligible for ECCs were as follows: aggravated stalking, sexual assault, deviate sexual assault, assault in the second degree, sexual misconduct involving a child, endangering the welfare of a child in the first degree, incest, invasion of privacy, and abuse of a child. Section 217.203.1(2), RSMo. supp. 2012.

reflected in plain language of statute); Williams v. Nat'l Cas. Co., 132 S.W.3d 244, 249 (Mo. banc 2004) (purpose of all canons of statutory construction is to allow court to apply statute in manner consistent with legislative intent).

The third canon of statutory interpretation provides that courts should interpret statutes that are remedial in nature in a way that advances the purpose of the statute. See Keim v. Vette, 67 S.W. 223, 226 (Mo. 1902); see also Hillman, 566 S.W.3d at 607. Remedial statutes are those "enacted for the protection of life and property and in the interest of public welfare," and they are "to be interpreted 'in order to accomplish the greatest public good.'" Hagan v. Dir. of Revenue, 968 S.W.2d 704, 706 (Mo. banc 1998). Here, Section 217.703 generally sets forth the statutory framework for ECCs, which is a reward system to encourage compliance with the terms of probation. Section 217.703.1(2) and Section 217.703.2, however, both limit which offenders are eligible for ECCs to reduce their period of probation. The purpose of these subsections is to protect the public from certain offenders whose crimes the legislature believes deserves greater supervision, and, as such, they are remedial in nature. Broadly interpreting the categories of offenders who are ineligible for ECCs serves the greater public good. This canon weighs in favor of applying Section 217.703.1(2)'s categorical ineligibility over Section 217.703.2's discretionary ineligibility.

The fourth canon provides that courts should not interpret statutes in a manner that creates an absurd or unreasonable result. Hillman, 566 S.W.3d at 608. "Courts may not interpret statutes to render any provision a nullity because doing so would not give effect to the plain language of the statute." State v. Knox, 604 S.W.3d 316, 322 (Mo. banc 2020). Reading these statutes in tandem results in one necessarily rendering the other a nullity. Applying Section 217.703.1(2) as amended renders Sections 217.703.2(5) and (6) superfluous, which is to be avoided. See Dubinsky

v. St. Louis Blues Hockey Club, 229 S.W.3d 126, 130 (Mo. App. E.D. 2007) (courts presume legislature did not use superfluous language in statute). However, giving precedence to Sections 217.703.2(5) and (6) renders the legislature's 2018 amendment to Section 217.703.1(2) meaningless. "We will not presume the legislature engaged in a useless act." Ristau v. DMAPZ, Inc., 130 S.W.3d 602, 606 (Mo. App. W.D. 2004); see also Knox, 604 S.W.3d at 322 ("an amended statute 'should be construed on the theory that the legislature intended to accomplish a substantive change in the law'") (citation omitted). Thus, we must look past the plain language of the statutes to find the legislature's intent. Both of these subsections on their face are intended to restrict which offenders are eligible for ECCs, and it would be an absurd result to interpret Sections 217.703.2(5) and (6) in a way that actually expands the pool of offenders eligible for ECCs in contravention of the legislature's 2018 amendment limiting ECCs in 2017.703.1(2).

Weighing these four canons of statutory interpretation, we conclude Section 217.703.1(2), which was amended in 2018 to declare statutory rape in the second degree and statutory sodomy in the second degree are categorically ineligible for ECCs, must prevail over earlier language of Section 217.703.2, which grants a trial court the discretionary authority to find these offenses ineligible for ECCs. Because Probationer was convicted of statutory rape in the second degree and statutory sodomy in the second degree, she was not eligible for ECCs pursuant to Section 217.703.1(2). She was still subject to her term of probation when she committed the alleged probation violations in October of 2023, and the trial court exceeded his authority when he dismissed the State's motion to revoke her probation and discharged her from probation based on Probationer's ECCs.

Conclusion

The preliminary order in prohibition is made permanent.  The trial court is directed to set aside the order granting Probationer's motion to dismiss the State's motion for revocation of probation and discharging Probationer from probation.


_____
Gary M. Gaertner, Jr., P.J.


Robert M. Clayton III, J., and
John P. Torbitzky, J., concur.