## STATE of Missouri, Plaintiff–Respondent,

v.

## Kenneth COOPER, Defendant–Appellant.

### No. 18912.

Missouri Court of Appeals, Southern District, Division One.

Feb. 16, 1994.

Donald R. Cooley, Springfield, for defendant-appellant.

Thomas E. Mountjoy, Pros. Atty., Robert V. Franson, Asst. Pros. Atty., Greene County, Springfield, for plaintiff-respondent.

PARRISH, Chief Judge.

Kenneth E. Cooper (defendant) was convicted of misdemeanor offenses of property damage in the second degree, § 569.120,[1] and violation of an order of protection, § 455.045 and § 455.085, RSMo Supp.1991. He appeals only from the conviction of violation of the order of protection. This court affirms the conviction for property damage in the second degree and reverses the conviction for violation of the order of protection.

Defendant was charged with four misdemeanor offenses brought by a four-count information filed in the Associate Circuit Judge Division of the Circuit Court of Greene County. Two of those offenses, Counts II and III, were dismissed immediately before trial as being the product of an "insufficient information." The remaining charges, property damage in the second degree, Count I, and violation of an order of protection, Count IV, were tried before the court without a jury.

The trial court found defendant guilty of the offenses charged by Counts I and IV. Defendant was sentenced to pay a fine of $250 and to serve 90 days in the Greene County jail on Count I. He was sentenced to serve 90 days in the Greene County jail on Count IV. The jail sentences were concurrent. Defendant was granted probation for two years on certain conditions of probation, including that he be confined for 5 days "shock probation" in the county jail and that he pay restitution in the amount of $500.

Defendant presents one point on appeal. It alleges, among other things, that the trial court erred in failing to grant defendant's motion to dismiss Count IV and in finding defendant guilty of the offense attempted to be charged thereby because the allegation in Count IV of the information failed to charge a criminal offense. For the reasons that follow, this court agrees.

Count IV of the information stated:

The Prosecuting Attorney of the County of Greene, State of Missouri, charges that the defendant, in violation of Section [sic] 455.045 and 455.085, RSMo, committed the class A misdemeanor of violation of order of protection, punishable upon conviction under Sections 455.085, 558.011.1(5) and 560.016, RSMo, in that on or about 15th day of August, 1992, in the County of Greene, State of Missouri, the defendant, having been personally served a copy of an order of the Circuit Court of Greene County which prohibited him from abusing, threatening to abuse, molest or disturb the peace of Connie C. Cooper, violated it by coming to Connie Cooper's apartment.

The statute that establishes violation of an order of protection as a criminal offense is § 455.085, RSMo Supp.1991. Its applicable provisions are § 455.085.7 (violation of an ex parte order) and .8 (violation of a full order). Neither provision includes "molest[ation] or disturb[ing] the peace" as elements of the offense of violating an order of protection.

The offense, as pertinent to the allegations in Count IV, is violation of an order of protection "with regard to abuse." § 455.085.7 and .8, RSMo Supp.1991. The act that Count IV alleges defendant committed was "coming to Connie Cooper's apartment," an action not defined as "abuse" for purposes of § 455.085, RSMo Supp.1991.[2] *See State v. Keith,* 839 S.W.2d 729, 732 (Mo.App.1992), for similar circumstances in which the Western District of this court determined an information failed to state the criminal offense of violation of an order of protection.

---

1. References to statutes are to RSMo 1986 unless otherwise stated.

2. § 455.010(1), RSMo Supp.1991, defines abuse as including "the following acts, attempts, or

"The basic test for sufficiency of an information is whether it contains all the essential elements of an offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense." *State v. Keith, supra,* at 731. The information in this case failed to do so with respect to Count IV. The allegation that defendant "violated [the order of protection] by coming to Connie Cooper's apartment" did not state the essential elements for the offense of violating an order of protection.

"A criminal offense is not created unless expressly written into the statute claimed to be its source, or so clearly, plainly and necessarily implied by the language employed therein that a court can fairly say that such offense is proscribed 'beyond all rational doubt'." *State v. Pickett,* 535 S.W.2d 542, 544 (Mo.App.1976). "If the indictment [or information] is insufficient, the court acquires no jurisdiction and anything that happens thereafter is a nullity." *State v. Doering,* 708 S.W.2d 792, 794 (Mo.App.1986).

The judgment of conviction and sentence in Count I, from which defendant did not appeal, is affirmed. The conviction and sentence in Count IV is reversed and defendant is discharged from the sentence erroneously imposed for that alleged offense.

SHRUM and MONTGOMERY, JJ., concur.

threats against a person who may be protected under sections 455.010 to 455.085":

  (a) "Assault", purposely or knowingly placing or attempting to place another in fear of physical harm;
  (b) "Battery", purposely or knowingly causing physical harm to another with or without a deadly weapon;
  (c) "Coercion", compelling another by force or threat of force to engage in conduct from which the latter has a right to abstain or to abstain from conduct in which the person has a right to engage;
  (d) "Harassment", engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to another person and serves no legiti-

mate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the petitioner. Such conduct might include but is not limited to:
  a. Following another about in a public place or places;
  b. Peering in the window or lingering outside the residence of another; but does not include constitutionally protected activity;
  (e) "Sexual assault", causing or attempting to cause another to engage involuntarily in any sexual act by force, threat of force, or duress;
  (f) "Unlawful imprisonment", holding, confining, detaining or abducting another person against that person's will.