STATE of Missouri, Respondent,

v.

Howard SKAGGS, Appellant.

No. ED 79233.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 30, 2002.

Craig A. Johnston, Assistant Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Howard Skaggs ("defendant"), appeals the judgment of the Circuit Court of St. Francois County following a jury trial finding him guilty of forgery, section 570.090, RSMo 2000,[1] and escape from confinement, section 575.210. Defendant was sentenced consecutively to eight years for forgery and seven years for escape from confinement to be served in the Missouri Department of Corrections. We affirm.

On January 7, 2000, defendant was arrested for unlawful use of a weapon and was transported to the St. Francois County Jail where he remained in custody through January 15, 2000. Defendant was held with "no bond" allowed.

On January 15, 2000, Bobbette Rhodes ("Rhodes"), a bail bondsman, received a telephone call from a male who said he was Michael Brackett ("Brackett"). The caller stated that he was in jail and that his bond was $15,000.00. Rhodes went to the St. Francois County Jail with the proper paperwork to bail out Brackett.

On the same day, Gordon Smith ("Smith") was working at the St. Francois County Jail when he was notified that Brackett was supposed to be bonded out of jail.[2] When Smith went to the cellblock he was met by an individual who was holding his belongings and who claimed to be Brackett. Unbeknownst to Smith, the individual was defendant. Defendant was processed to leave the jail.

When Rhodes arrived at the jail, she went to a room and waited for Brackett. Defendant was brought into the room and identified himself as "Mike." Rhodes handed defendant a bond application. Defendant filled out the bond application and at the bottom started to sign "How," scratched it out, and signed "Mike Brackett." Next, defendant filled out a promissory note entitled "Conditions of Release" and signed "Howard," scratched that out, and signed it "Mike Brackett" or "Mick Brackett." Finally, defendant signed a "bond sheet" which gave Rhodes the power to bond Brackett out of jail. Defendant signed the name "Mick Brackett." Defendant was released. After defendant's release he ran from Rhodes without paying for the bail services.

Defendant was apprehended, arrested, and transported back to the jail later that evening. Defendant was charged as a persistent offender pursuant to sections

---

1. All statutory references are to RSMo 2000, unless otherwise stated.

2. Smith had never met Brackett.

558.016 and 557.036, with forgery, section 570.090, and escape from confinement, section 575.210.

At trial, Rhonda Roney ("Roney"), keeper of records for the St. Francois County Sheriff's Department, was allowed to testify that defendant was being held with "no bond" prior to his escape. Defendant objected to Roney's testimony and argued that the testimony would prejudice the jury since it would cause speculation as to why defendant was held on no bond. The trial court overruled defendant's objection.

An associate circuit judge testified that following defendant's arraignment, defendant stated "if you wouldn't keep setting these bonds so high I wouldn't have to escape."

Jury instruction number six stated in relevant part: "the defendant made a writing, to wit: a Missouri bond form, so that it purported to have been made by another. ...." The jury found defendant guilty of forgery and escape from confinement. Defendant appeals.

■ In his first point on appeal, defendant asserts that the trial court erred when it overruled defendant's motion of acquittal and convicted defendant of forgery. Defendant argues that the state did not prove beyond a reasonable doubt the first element of the verdict director for forgery, "defendant made a writing, to-wit: a Missouri bond form, so that it purported to have been made by another. ...." Specifically, defendant contends that the evidence only showed that he signed the bottom of the bond form but did not "make" the bond form.

■ In determining the sufficiency of the evidence this court will accept all evidence and inferences favorable to the verdict and disregard all evidence and inferences to the contrary. *State v. Hudson,* 793 S.W.2d 872, 879 (Mo.App. E.D.1990).

Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable trier of fact might have found a defendant guilty beyond a reasonable doubt. *State v. Chaney,* 967 S.W.2d 47, 52 (Mo.banc 1998). The appellate court does not act as a "super juror" with veto powers, but gives great deference to the trier of fact. *Id.*

■ The forgery statute, section 570.090.1(1) states in relevant part, "[a] person commits the crime of forgery if, with the purpose to defraud, he [m]akes .... any writing so that it purports to have been made by another. ...." The statute requires: 1) a false making of a writing; 2) a fraudulent intent; and 3) a writing capable of effecting a fraud. *State v. Johnson,* 855 S.W.2d 470, 472 (Mo.App. W.D.1993). The word "makes" is not defined in sections 570.010 and 570.090. Where the legislature has not defined a word in a statute, the word should be given its common sense, dictionary meaning if there is no indication that it was used in a specialized sense. *State v. Trotter,* 5 S.W.3d 188, 193 (Mo.App. W.D.1999). The definition of "make" includes "to execute in an appropriate manner." *Merriam Webster's Collegiate Dictionary* 702 (10th ed.1995). The *Black's Law Dictionary* 967 (7th ed.1999), in its definition of "make," includes "to legally perform, as by executing, signing, or delivering." " 'Writing' includes printing, any other method of recording information, money, coins, negotiable instruments, tokens, stamps, seals, credit cards, badges, trademarks and any other symbols of value, right, privilege or identification." Section 570.010(14).

In the case at hand, defendant does not dispute that he signed a false name on the bond form, but only that when he signed a false name, he did not "make" the bond form. The word "make" is not defined in the statute. The dictionary meaning of

"make" includes to execute or to sign. When defendant executed the bond form by signing it, he made a writing. Moreover, this court has previously found that forgery may be committed by signing a false name to a sales receipt, which a store employee had prepared. *See State v. Hudson,* 793 S.W.2d at 879–80.

Defendant points to a Texas case, *Nunez v. State,* 940 S.W.2d 710 (Tex.Ct.App.1996), to support his position that he did not "make" the bond form when he signed it. Defendant's reliance on *Nunez* is misplaced. In *Nunez,* the court found that the defendant in that case did not "make" a check when he endorsed his name to the back of the check. *Id.* at 713. The *Nunez* court found that the term "maker" had a particularized meaning regarding the forgery of a check. *Id.* Regarding the making of a check, the court noted that the "maker" of a check is the "drawer," and the "drawer" is the person who signs the front of the check and guarantees its payment. *Id.* The defendant in *Nunez* was merely the endorser and did not purport to be the drawer of the check. *Id.*

The case at hand involves a bond form, not a check. Endorsing a check is different from signing a bond form. Unlike the check, where the drawer is the "maker," the "maker" of the bond form is the one that executes the form by signing it. Accordingly, defendant's signature on the bond form was sufficient to cause defendant to be the "maker" of the bond form.

We find that the record supports the trial court's judgment convicting defendant of forgery. Defendant made a false writing by executing a bond form by signing another's name. Defendant was held without bond. Defendant used the identity of another inmate who was eligible to post bond to deceive the jail officers and bondsman into releasing him on bond. We therefore conclude that the trial court did not err when it overruled defendant's motion for acquittal and sentenced defendant upon conviction for forgery. Defendant's first point is denied.

■ In his final point on appeal, defendant asserts that the trial court abused its discretion when it allowed Roney to testify that defendant was held in jail with "no bond." Defendant contends that the "no bond" evidence is irrelevant, inflammatory, and did not reasonably tend to prove or disprove any disputed fact. In addition, defendant asserts that the "no bond" evidence was a blatant attempt by the state to inflame the passions of the jury in that the testimony made the jury believe that defendant was dangerous or had prior convictions.

■ Trial courts have broad discretion over the admissibility of evidence. *State v. Winfield,* 5 S.W.3d 505, 515 (Mo. banc 1999). Appellate courts will interfere with the trial court's decision on whether or not to admit evidence only if there is a clear showing of abuse of discretion. *Id.* The trial court abuses its discretion when a ruling is clearly against the logic and circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice. *State v. Brown,* 939 S.W.2d 882, 883 (Mo.banc 1997).

■ Relevant evidence is admissible. *State v. Shurn,* 866 S.W.2d 447, 457 (Mo. banc 1993). Evidence is relevant when it tends to establish motive or intent and its probative value outweighs its prejudicial effect. *State v. Clover,* 924 S.W.2d 853, 855 (Mo.banc 1996). Prejudice outweighs probative value if the inevitable tendency of the evidence is to raise a legally false presumption of guilt in the minds of the jurors. *Id.* at 856.

In the case at hand, Roney's testimony was relevant to establish motive and intent. The evidence established that defen-

dant was being held with "no bond." Evidence that defendant was held with "no bond" tended to prove that he knowingly escaped from confinement because he was unable to post bond to get out of jail. Furthermore, evidence that defendant was held with "no bond" demonstrated why defendant had to sign a false name on the bond form in order to escape from jail. If defendant had signed his own name, he would presumably have not been released on bond. In addition, the probative value of the evidence outweighs any prejudicial effect because the jury was not told that defendant was being held on "no bond" because of prior offenses. Defendant's final point is denied.

Based on the foregoing, we affirm the judgment of the trial court.

PAUL J. SIMON, J., and CLIFFORD H. AHRENS, J., concur.

---

Kenneth M. Dake, Sedalia, MO, for Appellants.

David P. Bub, St. Louis, MO, for Respondent.

Robert B. Reeser, Jr., Sedalia, MO, Co-Counsel for Appellants.

Before LOWENSTEIN, P.J., NEWTON and HOLLIGER, JJ.