STATE of Missouri, Respondent,

v.

Elizes J. CHAVEZ, Appellant.

No. ED 85143.

Missouri Court of Appeals, Eastern District, Division One.

June 28, 2005.

---

**546** 

Jennifer A. Brown, Public Defender, Hannibal, MO, for Appellant.

Thomas P. Redington, Marion County Prosecutor, Hannibal, MO, for Respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Elizes J. Chavez ("Defendant"), appeals from the judgment of the Circuit Court of Marion County following a bench trial where he was convicted of violating an order of protection, sections 455.050 and 455.085 RSMo 2000,[1] and of harassment, section 565.090. Defendant was sentenced to concurrent terms of six months in jail on each conviction. These sentences were also to run concurrently with a sentence Defendant was serving for a separate conviction of assault of a law enforcement officer. We affirm.

Defendant and Donna Owsley ("Owsley") were friends for nine years and had resided together. Defendant and Owsley had an altercation, and on April 26, 2004, the Circuit Court of Marion County granted Owsley an ex parte order of protection against Defendant. On the same day, this order of protection was served on Defendant. This order of protection provided that Defendant was not to: "[a]buse, threaten to abuse, stalk, molest or disturb the peace of" Owsley, "[e]nter or stay upon" Owsley's residence, or "[c]ommunicate with [Owsley] in any manner or through any medium."

At a hearing on April 30, 2004, which Defendant and Owsley both attended, the Circuit Court of Marion County entered a full order of protection against Defendant that replaced, superseded, and terminated the April 26, 2004 ex parte order of protection. This order of protection, effective until November 14, 2004, provided that Defendant was not to: commit "further acts of abuse or threats of abuse," have "any contact with" Owsley, "abuse, threaten to abuse, molest, stalk or disturb the

peace of" Owsley, "use, attempt to use, or threaten to use physical force against" Owsley, "communicate with [Owsley] in any manner or through any medium," or "enter or stay upon" Owsley's residence.

On May 4, 2004, Officer Matthew Wealer ("Officer") of the Hannibal Police Department reported to Owsley's home where he made a police report. Owsley informed Officer that she had an ex parte order of protection against Defendant and that Defendant had left about twenty phone messages on her answering machine.

Owsley played the phone messages for Officer and informed him that Defendant was staying at the Super 8 Hotel in Hannibal. Officer testified that the voice on the answering machine sounded the same as Defendant's voice, which he later came to know from arresting and questioning Defendant.

After Officer listened to the messages, he informed Owsley he would be going to the Super 8 Hotel to place Defendant under arrest for violating the ex parte order of protection. After Officer contacted Defendant, he arrested and transported him to the Hannibal Police Department. Defendant told Officer that he had called Owsley several times and that the last time he called her was on May 3, 2004. Officer asked Defendant if he was aware of the ex parte order of protection against him. Defendant replied that he was aware of the order of protection, but that "it wasn't worth the paper it was written on."

Defendant was charged and convicted of violating an order of protection and of harassment. This appeal followed.

In his first point on appeal, Defendant asserts that the trial court erred in finding him guilty of violating an order of protection because the information was insuffi-

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

cient for this charge. Defendant argues that the trial court lacked jurisdiction because the information does not state a charge upon which a conviction can result nor does it charge a criminal act with which the evidence conforms.

This issue is raised for the first time on appeal. Thus, the scope of our review is severely limited. *State v. Baker*, 103 S.W.3d 711, 721–722 (Mo.banc.2003). Further, whether a trial court has jurisdiction does not depend upon the sufficiency of an information. *Wright–El v. State*, 890 S.W.2d 664, 669 (Mo.App. E.D.1994). When a defendant challenges the sufficiency of an information post-verdict, the information will be considered "insufficient" only if it is so defective that either "it does not by any reasonable construction charge the offense of which the defendant was convicted" resulting in defendant having no notice of the offense charged or "the substantial rights of the defendant to [adequately] prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." *State v. Baker*, 103 S.W.3d at 722 *quoting State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc.1992).

In either event, a defendant must demonstrate that the insufficient information caused him or her to suffer actual prejudice. *State v. Baker*, 103 S.W.3d at 722. An information that specifically cites the section of the criminal code alleged to be violated places a defendant on notice of the offense charged. *See id.*

A violation of an ex parte order of protection is a criminal offense pursuant to section 455.085.7 and a violation of a full order of protection is a criminal offense under section 455.085.8 when a defendant "violat[es] ... the terms and conditions, with regard to abuse, stalking, child custody, communication initiated by the respondent or entrance upon the premises of petitioner's dwelling unit ..."

In the instant case, the relevant portion of Count I of the information states:

The Prosecuting Attorney for Marion County, Missouri, charges that the defendant in violation of Sections 455.050 and 455.085, RSMo. committed the Class A misdemeanor of violation of order of protection, punishable upon conviction under Sections 455.085, 558.011 and 560.016 RSMo ... in that on or about May 4, 2004, in the Township of Mason, County of Marion, State of Missouri, the defendant having been personally served or having received a copy of an order of the Circuit Court of Marion County, Missouri, which prohibited him from abusing, threatening to abuse or molesting or stalking or disturbing the peace of [Owsley] or entering upon the premises of [Owsley], violated it by abusing, threatening to abuse or molesting or stalking or disturbing the peace of [Owsley] or entering upon the premises of her dwelling.

In this case, the information specifically cited the sections of the criminal code alleged to be violated, 455.050 and 455.085, placing Defendant on notice of the offense charged. *See State v. Baker*, 103 S.W.3d at 722. Sections 455.085.7 and .8 provide that communication initiated by a defendant in violation of an order of protection is a criminal offense. In addition, Defendant has not demonstrated that the information hindered the preparation of his defense.

We find Defendant has not demonstrated actual prejudice as a result of the language of the information. Therefore, the trial court did not err in finding him guilty of violating the order of protection. Point denied.

In his second point on appeal, Defendant argues there was insufficient evidence to support his conviction for violating an order of protection.

When reviewing whether evidence is sufficient to support a criminal conviction, we accept all evidence and inferences favorable to the verdict and we disregard all contrary evidence and inferences. *State v. Skaggs*, 74 S.W.3d 282, 284 (Mo.App. E.D. 2002). Our review is limited to a determination of whether there is sufficient evidence from which a reasonable trier of fact could have found a defendant guilty beyond a reasonable doubt. *Id.* The trier of fact determines the credibility of witnesses. *State v. Kuhn*, 115 S.W.3d 845, 849 (Mo.App. E.D.2003). "The trier of fact may believe all, some or none of the testimony of the witness when considered with all of the facts, circumstances and other testimony in the case." *Id.*

Both the April 26, 2004 and April 30, 2004 orders of protection prohibited Defendant from, *inter alia*, "[c]ommunicat[ing] with [Owsley] in any manner or through any medium." Defendant told Officer he called Owsley several times, he last called her on May 3, 2004, and that although he was aware of the order of protection, "it wasn't worth the paper it was written on." Thus, we find there is substantial evidence in the record to support the trial court's judgment convicting Defendant of violating an order of protection. Point denied.

■ In his third point on appeal, Defendant asserts there was insufficient evidence to support his harassment conviction because there was no evidence Defendant intended to frighten or disturb Owsley.

We review under the same standard as the second point on appeal.

■ Pursuant to section 565.090, a person commits the crime of harassment if he or she makes repeated telephone calls with the purpose of frightening or disturbing another. Two or more messages left on an answering machine are construed to be repeated telephone calls under section 565.090. *State v. Placke*, 733 S.W.2d 847,

850 (Mo.App. E.D.1987). A caller's intent to frighten or disturb is a state of mind that is usually established by circumstantial evidence. *State v. Rafaeli*, 905 S.W.2d 516, 518 (Mo.App. E.D.1995).

In this case, Defendant does not contest that Defendant made repeated phone calls to Owsley. Therefore, the only issue is whether Defendant intended to frighten or disturb Owsley. In *State v. Placke*, the court found that a person was disturbed by a caller's messages when after listening to the messages he called the police. *State v. Placke*, 733 S.W.2d at 849. Similarly, Owsley told Officer she had an order of protection in place against Defendant, played the twenty messages for Officer, and told Officer where Defendant was staying. In addition, there was a history of abuse between Defendant and Owsley. A reasonable trier of fact could infer from the above circumstantial evidence that Owsley was frightened or disturbed. Thus, we find the evidence in the record supports the trial court's judgment convicting Defendant of harassment. Point denied.

Based on the foregoing, we affirm the judgment of the circuit court.

SHERRI B. SULLIVAN, J. and BOOKER T. SHAW, J., concur.