STATE of Missouri, Plaintiff–
Respondent,

v.

Fred BUSH, Defendant–Appellant.

No. 28623.

Missouri Court of Appeals,
Southern District,
Division One.

April 16, 2008.

Scott David Johnson of Springfield, MO, for appellant.

Jeffrey M. Merrell of Forsyth, MO, for respondent.

JEFFREY W. BATES, Judge.

After a bench trial, Fred Bush (Defendant) was convicted of a class A misdemeanor for violating a full order of protection. *See* § 455.085.8.[1] Defendant contends the trial court erred in overruling his motion for judgment of acquittal

---

1. All references to statutes are to RSMo (2000) unless otherwise noted.

because the State failed to prove that Defendant initiated communication with C.B. (Petitioner) in violation of the order. This Court agrees. The judgment is reversed, and the cause is remanded with directions to enter a judgment of acquittal on this charge.

In a jury-tried case, an appellate court reviews a trial court's ruling on a motion for judgment of acquittal to determine whether the State made a submissible case. *State v. Young*, 172 S.W.3d 494, 496–97 (Mo.App.2005). In a court-tried case, however, the judge acts as both arbiter of the law and trier of the facts. *State v. Brushwood*, 171 S.W.3d 143, 146 (Mo.App.2005). Consequently, an appellate court reviews the record to determine whether there was sufficient evidence from which the trial court could have found the defendant guilty beyond a reasonable doubt. *Id.* In making that determination, a reviewing court accepts as true all evidence and reasonable inferences derived therefrom that tend to prove a defendant's guilt. *State v. Davis*, 71 S.W.3d 659, 664 (Mo.App.2002). Nevertheless, this Court cannot supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001); *State v. McMullin*, 136 S.W.3d 566, 572 (Mo.App.2004). The function of the reviewing court is not to reweigh the evidence, but only to determine whether the judgment is supported by sufficient evidence. *State v. Burse*, 231 S.W.3d 247, 251 (Mo.App.2007). Viewed in a light most favorable to the judgment, the following facts were proven at trial.

On May 19, 2006, Petitioner obtained an *ex parte* order of protection against Defendant. *See* § 455.035. On May 31, 2006, the trial court held a hearing on the motion and granted a full order of protection. *See* § 455.040 RSMo Cum.Supp. (2005). Among other provisions, the order prohibited Defendant from communicating with Petitioner in any manner or through any medium or having any contact with Petitioner, her child or her employees. The hearing was conducted in a courtroom at the Taney County courthouse. The Sheriff's Office was located in the same building and could be reached by leaving the courtroom, turning right and walking down a hallway. There was an exit from the courthouse at the end of that hallway. Immediately after the order was granted, Petitioner left the courtroom, turned right and walked to a dispatch window at the Sheriff's Office to fill out a document. Defendant left the courtroom through the same door as Petitioner, turned right and started walking down the hallway. As soon as Defendant took his first step to the right toward Petitioner, she yelled, "Stop coming toward me," because she believed the order of protection prevented Defendant from coming near her. She repeated this command at least 10 times. Defendant said nothing, "smirked" at Petitioner and kept walking.[2] Some deputies came out and stopped Defendant from walking any further down the hall. At that point, Defendant was about four feet away from Petitioner. When the deputies appeared, Defendant "said a lot of stuff." There was no testimony, however, that any of Defendant's remarks were directed at Petitioner. On both direct and cross examination, Petitioner unequivocally acknowledged that she could not recall anything Defendant said. He was not arrested and left the courthouse. The entire incident was over within one minute after the full order of protection had been granted.

---

2. The definition of "smirk" is "to smile in an affected or smug manner." Merriam-Webster's Collegiate Dictionary 1177 (11th ed.2005).

In October 2006, Defendant was charged with violating a full order of protection in violation of § 455.085. The information alleged that Defendant, with knowledge that he was prohibited from communicating with Petitioner, violated the order "by approaching [Petitioner] after a court hearing." [3]

The trial was conducted in May 2007 before the same judge who entered the full order of protection. At the outset of the hearing, the court admitted certified copies of the *ex parte* order of protection, the full order of protection and the docket sheet from that case. The State's only witness was Petitioner, whose testimony is summarized above. At the close of the State's evidence, defense counsel moved for a judgment of acquittal. Counsel argued the State had not carried its burden of proving the charged offense because there was no evidence that Defendant had initiated a communication with Petitioner. As defense counsel noted, "[Defendant's] charged with approaching [Petitioner], which is not, again, a violation of the statute under which he's charged." The court denied the motion. Defendant rested without presenting any evidence. At the close of all of the evidence, the court noted that the full order of protection, which had been admitted in evidence, showed Defendant was "present in the court at the time the order was given, was issued and was told that he was to have no contact with [Petitioner]."

In closing argument, the prosecutor argued that Defendant should be found guilty for the following reasons:

After having been served personally with the ex parte order of protection at which time he heard Your Honor in this very courtroom order a full order of protection, a place that reads the Court hereby orders that the above named Respondent be restrained from any contact with the Petitioner.... There is no testimony except that [Defendant] walked out of this courtroom to the objection of [Petitioner] verbally and out loud to him and he continued to walk directly toward her until he was within four feet of her, thereby having contact with her just maybe less than a minute was the testimony from when this Court ordered that very thing be prohibited. And he did it and he's guilty of it and we want the Court to put him in jail when the time comes.

Defense counsel reiterated his prior argument that it was Petitioner who initiated communication with Defendant and that "[h]e didn't have any type of communication with her. He walked out the door."

The court took the case under advisement and allowed the parties to file post-trial suggestions. The State argued that Defendant should be found guilty because he "violated the order of protection within minutes of it being entered by walking down the hall into the Sheriff's Department lobby and approaching within arm's length of [Petitioner] when he could have taken any of the three other exits out of the courthouse." Defendant renewed his argument that he was entitled to a judgment of acquittal because there was no proof that he violated § 455.085 by initiating communication with Petitioner, as charged in the information. After reviewing the parties' suggestions, the trial court found Defendant guilty and sentenced him

---

**3.** The information failed to follow the prescribed format for charging this particular violation of § 455.085.8. *See* MACH–CR 32.52. The State should have alleged that Defendant knowingly violated the terms and conditions of an order of protection "by initiating communication with" Petitioner, followed by a description of the specific conduct that constituted the violation. *Id.*

to time served of 150 days in jail. This appeal followed.

■ Defendant contends that the trial court erred in failing to grant a judgment of acquittal because the State failed to prove that Defendant initiated communication with Petitioner in violation of the full order of protection. This Court is constrained to agree.

■ The Due Process Clause of the United States Constitution requires that the State prove each element of the charged offense beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "The constitutional sufficiency of the evidence is a question of law to be determined, in the first instance, by the trial court on proper motion by the defendant and again on appeal." *State v. O'Brien*, 857 S.W.2d 212, 215 (Mo. banc 1993). Only five specific violations of the terms and conditions of a full order of protection can give rise to a criminal conviction pursuant to § 455.085.8: "[a] violation of the terms and conditions, with regard to abuse, stalking, child custody, *communication initiated by the respondent* or entrance upon the premises of the petitioner's dwelling unit...." *Id.* (Italics added.) In the case at bar, the information did not allege any violations relating to abuse, stalking, child custody or entrance upon the premises of Petitioner's dwelling unit. Therefore, Defendant could only be found guilty of violating § 455.085.8 if the State proved beyond a reasonable doubt that he violated the full order of protection by initiating communication with Petitioner. *See State v. Chavez*, 165 S.W.3d 545, 548–49 (Mo.App.2005); *State v. Magalif*, 131 S.W.3d 431, 437 (Mo.App.2004).

■ To determine the meaning of a criminal statute, this Court ascertains the legislature's intent by considering the plain and ordinary meaning of the words used. *Cox v. Director of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003). In the absence of a statutory definition, a word's plain and ordinary meaning is derived from the dictionary. *Id.* The words "initiated" and "communication" are not statutorily defined. *See* § 455.010 RSMo Cum. Supp. (2005); § 455.085. The dictionary definition of "initiate" is "to begin or set going: make a beginning of[.]" WEBSTER'S UNABRIDGED THIRD NEW INTERNATIONAL DICTIONARY 1164 (1986). The dictionary definition of "communication" is "[t]he expression or exchange of information by speech, writing, gestures, or conduct[.]" BLACK'S LAW DICTIONARY 296 (8th ed.1999). Based upon the plain and ordinary meaning of § 455.085.8, Defendant could not be convicted of violating § 455.085.8 in the manner charged in the information absent proof that, after the full order of protection was entered, he began communicating with Petitioner by expressing or exchanging information through speech, writing, gestures or conduct. *See Chavez*, 165 S.W.3d at 548–49 (the evidence was sufficient to convict defendant of violating § 455.085.8 by initiating communication because he admitted calling the petitioner several times in violation of a provision prohibiting him from communicating with her in any manner or through any medium); *Magalif*, 131 S.W.3d at 437 (the evidence was sufficient to convict defendant of initiating communication because he blocked petitioner's car, put his hands on her hood and said he would see her in court).

Based on the unusual facts presented, this Court holds that the trial court erred in failing to grant Defendant's motion for judgment of acquittal at the close of the State's evidence. Our review of the record reveals no evidence that Defendant initiated communication with Petitioner. As soon as Defendant stepped out of the

courtroom, Petitioner began yelling at him to stop because she believed that he was violating the "no contact" provision in the full order of protection. Defendant's act of walking down a public hallway toward Petitioner does not support his conviction of the charged crime because no reasonable trier of fact could conclude that Defendant's conduct expressed or exchanged information.[4] Moreover, Defendant did not say anything, write anything or make any gestures that prompted Petitioner's actions.[5] In sum, what the State proved was that Petitioner initiated communication with Defendant. That is not a crime.

Because the State failed to prove that Defendant initiated communication with Petitioner, the judgment must be reversed. The cause is remanded to enter a judgment of acquittal on this charge.

PARRISH, P.J., and SCOTT, J., Concur.

---

4. The State's theory at trial, which the judge appears to have accepted, is that Defendant could be convicted of violating § 455.085.8 for walking down a public hallway toward Petitioner because of the "no contact" provision in the order. This theory was flawed for two reasons. First, the information did not charge Defendant with violating this part of the order. *See Magalif,* 131 S.W.3d at 437–38 (rejecting the State's argument that the defendant's conduct constituted a communication in violation of an *ex parte* order because the information only charged defendant with violating the terms and conditions relating to abuse). Second, unless the State had alleged and proven that walking down a public hallway violated the terms and conditions of the order relating to abuse or stalking, such conduct would not constitute a crime as defined by § 455.085. *See State v. Cooper,* 871 S.W.2d 92, 93–94 (Mo.App.1994) (holding that an information alleging the defendant abused the petitioner by "coming to [her] apartment" failed to allege a criminal violation of § 455.085).

5. We reject the State's argument that Defendant communicated with Petitioner in violation of the order by "smirking" at her. Assuming *arguendo* that a mere facial expression could constitute "communication" within the meaning of § 455.085.8, the State's argument still fails. According to Petitioner's testimony, she had already initiated communication with Defendant before she observed the "smirk" on his face. Based on the plain and ordinary meaning of the language used in § 455.085.8, it is not a violation of this statute to exhibit a facial expression in response to communication initiated by another.