**STATE of Missouri, Respondent,**

v.

**Monica BANKS, Defendant.**

**No. ED 102462**

Missouri Court of Appeals,
Eastern District,
**DIVISION TWO.**

Filed: February 28, 2017

Karen L. Kramer, Jefferson City, MO, for Plaintiff/Respondent.

Amanda P. Faerber, St. Louis, MO, for Defendant/Appellant.

Colleen Dolan, Judge

## I. Introduction

Monica Banks ("Defendant") appeals her conviction of one count of forgery in violation of RSMo § 570.090 following a bench trial.[1] Defendant claims the trial court erred because there was insufficient evidence of Defendant's intent to defraud and insufficient evidence of the document's capability for effecting fraud. Because the State presented sufficient evidence that Defendant intended to commit forgery when she presented the document showing an altered account balance to her employer, this Court affirms the conviction.

## II. Factual and Procedural Background

Defendant was employed by Jacqueline Phillips ("Phillips"), the owner of Personal Care Home Health Services, Inc. ("Personal Care"), where she received payments through direct deposit to an account man-

---

1. All statutory references are to RSMo Cum. Supp. 2002 unless otherwise indicated.

aged by Paychex payroll services. Phillips discovered Paychex had mistakenly overpaid several employees, including Defendant, with double deposits on April 22, 2014. Paychex was able to retrieve the overpaid money from every employee's account except Defendant's, which had insufficient funds. Phillips spoke with Defendant, who told Phillips the money had been "reversed" back into the company account. However, Phillips was unable to verify Defendant's claim through her examination of the company's records or through Paychex's investigation. Paychex requested documentation from Defendant showing her overpayment of $1,115.03 had been reversed.

On June 12, 2014, Defendant gave Phillips a document, which she represented to be a bank statement of her account, showing a reversal of the missing funds back to the company. Phillips suspected it had been altered because the line with the reversal was in a different font, and the numbers did not add up. After this discovery, Phillips took steps to confirm her suspicion. She checked Defendant's work computer, which showed Defendant had recently accessed her account balance thirty times. In the company trash, Phillips found copies of Defendant's account balance that were cut up and contained different amounts than the one Defendant provided to Phillips, including one with a taped "reversal, $1,115.42" over one of the lines and a cutout of a reversal to Personal Care.

Phillips contacted the police and confronted Defendant about the altered account balance, and Defendant said she did not know what Phillips was talking about. Defendant was arrested by Detective Ramiro Martinez ("Martinez"). Martinez testified Defendant was read her Miranda rights and then orally admitted altering

the account balance. Martinez also testified Defendant signed a written statement containing, ". . . I tried to fool my employer by altering a bank statement," which was entered into evidence.

The State charged Defendant with one count of forgery. After a bench trial, the court found Defendant guilty and sentenced her to fifteen years, then suspended the sentence and imposed a probationary term of five years. Defendant now appeals.

## III.  Standard of Review

We review the sufficiency of the evidence in a bench trial of a criminal case using the same standard as a jury-tried case. *State v. Livingston–Rivard*, 461 S.W.3d 463, 466 (Mo. App. S.D. 2015); Rule 27.01.[2] This Court determines "whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty; and in so doing, we examine the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences." *State v. Brown*, 360 S.W.3d 919, 922 (Mo. App. W.D. 2012) (citing *State v. Johnson*, 244 S.W.3d 144, 152 (Mo. banc 2008)).

## IV.  Discussion

### a.  The State presented sufficient evidence to prove intent to defraud.

Defendant claims the State presented insufficient evidence to prove Defendant had the intent to defraud, a requisite element for forgery. Defendant argues other reasonable inferences could be made for why she gave an altered account balance to her employer—specifically that Defendant sought to remain employed.

Section 570.090(1) states a person commits the offense of forgery if, with

2.  All references are to Missouri Supreme Court Rules 2014.

the purpose to defraud, the person "[m]akes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by authority of one who did not give such authority[.]" Defendant was charged with altering a writing so that it purported to have been made with different terms, which "requires: (1) a false making of a writing; (2) fraudulent intent; and (3) a writing capable of effecting a fraud." *State v. Skaggs*, 74 S.W.3d 282, 284 (Mo. App. E.D. 2002) (citing *State v. Johnson*, 855 S.W.2d 470, 472 (Mo. App. W.D. 1993). Intent to defraud is a general intent, inferable from the forgery act itself. *State v. Pride*, 1 S.W.3d 494, 500 (Mo. App. W.D. 1999). "The intent to defraud is not limited to obtaining money or property; it is sufficient if the forged instrument is to the prejudice of the rights of some person." *Johnson*, 855 S.W.2d at 473.

Defendant's argument is flawed because the existence of alternative inferences does not preclude conviction when sufficient evidence exists from which a trier of fact could have reasonably found the intent necessary to issue a guilty verdict. *State v. Putney*, 473 S.W.3d 210, 219 (Mo. App. E.D. 2015) ("[E]vidence is sufficient to support guilt if *any* reasonable inference supports guilt, even if other 'equally valid' inferences do not."). Circumstantial evidence alone can be sufficient to support a conviction, and the evidence need not demonstrate the impossibility of innocence. *State v. Mosby*, 341 S.W.3d 154, 156 (Mo. App. E.D. 2011). The State offered evidence from two witnesses that Defendant manufactured a false account balance by printing, cutting, and taping together a document purporting to show Defendant had returned money rightfully belonging to her employer. Furthermore, the State supplied Defendant's direct admission that she "tried to fool [her] employer by altering a bank statement." A forged document by itself is sufficient evidence from which to infer intent to defraud, and the State adduced additional incriminating evidence to support that inference. *Pride*, 1 S.W.3d at 500. Defendant presented an altered account balance to her employer after being asked to provide accurate documentation confirming the $1,115.03 overpayment had been repaid to Personal Care. The trial court held this evidence was sufficient from which to infer Defendant had the purpose to keep money that did not rightfully belong to her and, accordingly, had the intent to commit fraud. We agree.

**b.  The State presented sufficient evidence that the altered account balance was capable of effecting fraud.**

Defendant contends the State failed to present sufficient evidence that the document constituted a writing capable of effecting fraud, which is necessary for a forgery conviction.

The third element of forgery in this case is "a writing capable of effecting a fraud." *Skaggs*, 74 S.W.3d at 284. The third element, however, originated from the common law and was not expressly adopted by the legislature in the modern statutory scheme, and its references are without application except for the meaning of "writing." *State v. Scurlock*, 998 S.W.2d 578, 583 n.4 (Mo. App. W.D. 1999). Writing includes "any [ . . . ] method of recording information, money [ . . . ] and any other symbols of value, right, privilege or identification." § 570.010(25) (2000). Courts have reasoned the legislators intended a broad application of what constitutes a writing within the forgery statute. *Johnson*, 855 S.W.2d at 473. Writing altered to contain misrepresentations can result in fraud whether or not others detrimentally rely on that writing. *Pride*, 1 S.W.3d 494 at 501.

Reliance is not an element of forgery. *State v. Hudson*, 793 S.W.2d 872, 879 (Mo. App. E.D. 1990). To commit forgery, it is not necessary to actually defraud someone; evidence showing intent to defraud through use of the forged document is sufficient to satisfy the elements of forgery. *See State v. Peebles*, 337 Mo. 973, 87 S.W.2d 167, 168 (Mo. 1935).

Defendant argues the altered account balance could not effect a fraud because it was immediately "obvious" that it was falsified and thus could not—and did not—defraud Defendant's employer. Defendant acknowledges reliance is not an element of forgery. *Hudson*, 793 S.W.2d at 879. That fact is dispositive on this issue. Additionally, courts have held the elements of forgery have been met on the basis of the first two elements alone without separate analysis of the third element. *Scurlock*, 998 S.W.2d at 583 n.4. Defendant does not offer an alternative interpretation of the third element that would speak convincingly to when a writing is or is not capable of effecting a fraud without introducing the plainly rejected concept of reliance. The altered account balance satisfies the broad definition of a writing within the forgery statute, and the State did not need to prove reliance on the forged writing. Therefore, sufficient evidence exists from which the trial court could reasonably infer there was a writing capable of effecting fraud.

## V. Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

Sherri B. Sullivan, P.J., concurs.

Roy L. Richter, J., concurs.