Lisa White Hardwick, Judge
Eric Crider appeals from his convictions for first degree child molestation. He contends there was insufficient evidence of the victim's age to support his convictions. For reasons explained herein, we affirm.
FACTUAL AND PROCEDURAL HISTORY
On December 13, 2014, Crider committed acts of sexual abuse against 13-year old J.T. The State charged Crider with three counts of first degree child molestation. Following a bench trial, the circuit court found Crider guilty of all charges and sentenced him to consecutive 30-year prison terms on each count. Crider appeals.
STANDARD OF REVIEW
Our review of a sufficiency-of-the-evidence challenge in a bench trial of a criminal case is the same as our review of such a challenge in a jury-tried case. State v. Banks , 511 S.W.3d 463, 465 (Mo. App. 2017). We determine "whether the State presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty; and in doing so, we examine the evidence and inferences in the light most favorable to the verdict, ignoring all contrary evidence and inferences." Id. (citation omitted).
ANALYSIS
In his sole point on appeal, Crider contends the evidence was insufficient to support his convictions for first degree child molestation because the State failed to prove that the victim was less than 14 years old at the time the crimes occurred.
To establish that Crider committed the offense of child molestation in the first degree, the State is required to prove that he subjected a person "who is less than fourteen years of age to sexual contact and the offense is an aggravated sexual offense." Section 566.067.1.[1] In this case, the State introduced evidence at trial that the victim, J.T., was less than 14 years of age when Crider molested her on December 13, 2014. Both J.T. and her grandmother R.W. testified that J.T. was born on January 27, 2001. Accordingly, J.T. was 13 years old when the acts of molestation occurred.
Crider concedes on appeal that if J.T.'s age is determined by her date of birth, the State presented sufficient evidence to support his convictions for first degree child molestation. However, Crider argues that J.T.'s age should be calculated from the date of her conception, not her date of birth. Crider cites to section 1.205.1(1) in support of his argument, which provides that "[t]he life of each human being begins at conception[.]" Crider contends that section 1.205.1(1) requires the court to calculate J.T.'s age from the date of her conception *462 and that under this theory, the State did not prove J.T. was less than 14 years of age when Crider molested her.
Stiles v. Blunt , 912 F.2d 260 (8th Cir. 1990) is instructive on this point. In Blunt , state officials refused to certify a prospective candidate for the Missouri House of Representatives because he did not meet the minimum age requirement to run for State Representative as set forth in the Missouri Constitution. Id. at 261. In challenging this decision on appeal, the candidate argued that his age should be calculated from the date of his conception under section 1.205. Id. The court rejected this argument, finding:
Appellant has presented no evidence that the state legislature intended to change the sensible and time-honored method of calculating age when it enacted section 1.205. Age has always been calculated from the date of birth, which, unlike the precise date of conception, can be determined with certainty.
Id. at 269.
We agree with the court's reasoning in Blunt . Section 1.205 does not provide a legal basis for calculating the age of a person based on the date of conception.[2] The evidence of J.T.'s date of birth was sufficient to establish that she was 13 years old at the time acts of molestation occurred in December 2014. Crider's point on appeal is denied.
CONCLUSION
We affirm the circuit court's judgment.
All Concur.

All statutory references are to the Revised Statutes of Missouri 2016.

Both parties acknowledge that at least nine states had or have "statutes that define human life as beginning at either the moment of conception or fertilization." However, Crider has not cited any cases to indicate that these statutes have been interpreted to alter the standard determination of age based on the date of birth.